1  CAROTHERS DISANTE & FREUDENBERGER LLP
      Timothy M. Freudenberger, State Bar No. 138257
2     tfreud@cdflaborlaw.com
      Jen Cornell, State Bar No. 320529
3     jcornell@cdflaborlaw.com
      Joel Van Parys, State Bar No. 227387
4     jvanparys@cdflaborlaw.com
      Kelsey A. Webber, State Bar No. 303721
5     kwebber@cdflaborlaw.com
   900 University Avenue, Suite 200
6  Sacramento, CA 95825
   Telephone:  (916) 361-0991
7
   Attorneys for Defendants
8  LIFE TIME, INC. and LTF CLUB MANAGEMENET CO,
   LLC
9

10              **UNITED STATES DISTRICT COURT**

11           **EASTERN DISTRICT OF CALIFORNIA**

12

13 | SAMUEL TURNER, individually, and on | ) Case No.  2:20-cv-00046-KJM-EFB
   | behalf of other members of the general public | )
14 | similarly situated and on behalf of other | ) [Removed from Sacramento Superior Court,
   | aggrieved employees pursuant to the California | ) Case No. 34-2019-00269609]
15 | Private Attorneys General Act, | )
   |   | ) **MEMORANDUM OF POINTS AND**
16 |                Plaintiff, | ) **AUTHORITIES IN SUPPORT OF**
   |        vs. | ) **DEFENDANTS' MOTION TO DISMISS**
17 |   | ) **PLAINTIFF'S COMPLAINT PURSUANT**
   | LTF CLUB MANAGEMENT CO, LLC, an | ) **TO FED. R. CIV. P. 12(b)(6)**
18 | unknown business entity; LIFE TIME | )
   | FITNESS, INC., an unknown business entity; | ) Date:    May 15, 2020
19 | and DOES 1 through 100, inclusive, | ) Time:   10:00 a.m.
   |   | ) Ctrm:   3
20 |                Defendants. | )
   |   | ) Action Filed:   November 21, 2019
21

22

23

24

25

26

27

28

CAROTHERS DISANTE &
FREUDENBERGER LLP

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1576266.1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................... 6

II.  PLAINTIFF COUNSEL'S COOKIE-CUTTER COMPLAINTS ........................ 7

III.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ........................... 10

    A.  Standard of Review ................................................................................. 10

    B.  Failure to Pay Overtime Compensation Claim ....................................... 11

    C.  Failure to Provide Meal Periods or Pay Premiums Claim ...................... 13

    D.  Failure to Provide Rest Breaks or Pay Premiums Claim ........................ 14

    E.  Failure to Pay Minimum Wage Claim .................................................... 15

    F.  Failure to Pay Timely Wages During Employment & Upon
        Termination Claims ................................................................................. 16

    G.  Failure to Provide Accurate Itemized Wage Statements Claim ............. 17

    H.  Failure to Keep Accurate Payroll Records Claim ................................... 18

    I.  Failure to Reimburse for Necessary Business-Related Expenses
        Claim ....................................................................................................... 19

    J.  Derivative Claims ................................................................................... 20

    K.  Plaintiff's Request for Injunctive Relief ................................................ 21

IV.  CONCLUSION ................................................................................................... 21

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1576266.1

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Federal Cases**

4

*Amador-Stewart v. Snooze HiC LLC*, 18-cv-01604-LAB-MDD,
    2019 WL 4599837, at *4 (S.D. Cal. Sept. 23, 2019).......................................................15, 16

5

*Anderson v. Blockbuster, Inc.*, No. 2:10-cv-00158-MCE-GGH,
    2010 WL 1797249, at *2 (E.D. Cal. May 4, 2010) ..........................................................13, 17

6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...........................................................................................8, 10

7

*Balikian v. Ally Fin., Inc.*, No. CV 12-7591-GWJCX,
    2012 WL 5518853, at *1 (C.D. Cal. Nov. 14, 2012)..............................................................9

8

9

*Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853 (9th Cir. 2017)..................................................21

10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).................................................................9, 10

11

*Brissette v. Entrust Grp., Inc.*, 621 F. App'x 461 (9th Cir. 2015).....................................................9

12

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ....................................................10

13

*Cleveland v. Groceryworks.com LLC*, 200 F. Supp. 3d 924(N.D. Cal. 2016) ..............................19

14

*de Dios v. Gerard Roof Products, LLC*, 5:18-CV-01163 SJO (FFMx),
    2019 WL 6792814, at *4 (C.D. Cal. Aug. 8, 2019)...............................................................14

15

*DeLeon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx),
    2009 U.S. Dist. LEXIS 74345 at *7 (C.D. Cal. July 17, 2009).............................................13

16

17

*Gutierrez v. Aaron's, Inc.*, No. 2:10-cv-02417-MCE-EFB,
    2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) ...................................................12, 18, 21

18

*Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928 (N.D. Cal. 2016) .........................12, 16, 21

19

*Hoang v. JPMorgan Chase Bank, N.A.*, No. 5:13-CV-00582 EJD,
    2013 WL 1436125, at *2 (N.D. Cal. Apr. 9, 2013)..................................................................8

20

21

*Kemp v. Internat'l Business Machines Corp.*, 2010 WL 4698490,
    at *3-4 (N.D. Cal. Nov. 8, 2010) ......................................................................................19, 20

22

*Landers v. Quality Comm's, Inc.*, 771 F.3d 638 (9th Cir. 2014)............................................12, 16

23

*Levine v. Entrust Grp., Inc.*, No. C 12-03959, 2013 WL 2606407,
    at *2 (N.D. Cal. June 11, 2013)...............................................................................................9

24

25

*Naguiat v. BAC Home Loans Servicing, LP*, No. C 10-4303 RS,
    2011 WL 4903180, at *1 (N.D. Cal. Oct. 14, 2011) ..............................................................9

26

*Noe v. Sup. Ct.*, 237 Cal. App. 4th 316 (2015) ..............................................................................19

27

28

1576266.1

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

*Ortiz v. Amazon.com LLC*, No. 17-cv-03820-JSW, 2017 WL 11093812,
at *4 (N.D. Cal. Oct. 10, 2017)................................................................ 12, 14, 15

*Perez v. Wells Fargo and Co.*, 75 F. Supp. 3d 1184 (N.D. Cal. 2014) ......................... 12

*Rabbah v. Fed. Home Loan Mortg. Corp.*, No. 12-14599,
2013 WL 153729, at *2 (E.D. Mich. Jan. 15, 2013) ........................................ 9

*Ramirez v. Manpower, Inc.*, No. 5:13-cv-2880-EJD, 2014 WL 116531,
at *5 (N.D. Cal. Jan. 13, 2014) ................................................................. 17

*Ritenour v. Carrington Mortg. Servs LLC*, 228 F. Supp. 3d 1025 (C.D. Cal. 2017)..................... 15

*Shann v. Durhman School Services L.P.*, 182 F. Supp. 3d 1044 (C.D. Cal. 2016) ................. 12, 13

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ................................................... 11

*Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO,
2019 WL 2918061, at *7 (E.D. Cal. July 8, 2019) ...................................... 20

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)........................................... 7

*Walsh v. New Dep't Human Res.*, 471 F.3d 1033 (9th Cir. 2006)................................. 21

*Wert v. U.S. Bancorp*, No. 13-cv-3130-BAS(BLM), 2014 WL 2860287,
at *5-6 (S.D. Cal. June 23, 2014) ...................................................... 14, 20

*Yanakeff v. JP Morgan Chase Bank, N.A., No. 2:12-CV-13221,*
*2013 WL 6328673, at *10 (E.D. Mich. Dec. 5, 2013)*........................................ 9

**Statutes**

California Business & Professions Code section 17200................................................ 6

California Labor Code § 201 ........................................................... 6, 16, 17

California Labor Code § 202 ........................................................... 6, 16. 17

California Labor Code § 204 ........................................................... 6, 16, 17

California Labor Code § 226(a) ................................................... 6, 17, 18, 21

California Labor Code § 226(e) ................................................................ 18

California Labor Code § 226.7 ...................................................... 6, 13, 14

California Labor Code § 510 ............................................................. 6, 11

California Labor Code § 512(a) ......................................................... 6, 13

California Labor Code § 1174(d) ................................................... 6, 18, 19

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1576266.1

**TABLE OF AUTHORITIES (cont.)**

<u>**Page(s)**</u>

California Labor Code § 1174.5 ................................................................................ 18

California Labor Code § 1194 ..................................................................................... 6

California Labor Code § 1197 ..................................................................................... 6

California Labor Code § 1197.1 .................................................................................. 6

California Labor Code § 1198 ................................................................................. 6, 11

California Labor Code § 2800 ................................................................................ 6, 20

California Labor Code § 2802 ................................................................................ 6, 20

Federal Rule of Civil Procedure 11 ......................................................................... 8, 9

Federal Rule of Civil Procedure 11(b)(3) ................................................................... 8

Federal Rule of Civil Procedure 12(b)(6) ................................................... 6, 7, 10, 15

Federal Rule of Evidence 201(b) ................................................................................ 7

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1576266.1

Defendants LTF CLUB MANAGEMENT CO., LLC and LIFE TIME, INC. (erroneously sued as Life Time Fitness, Inc.)[1] (collectively "Life Time") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I. <u>INTRODUCTION</u>

In a cookie-cutter Complaint—nearly word for word identical to complaints his attorney filed a few weeks before and a few weeks after the instant Complaint—Plaintiff brings this class and representative action asserting nine causes of action for alleged violations of various provisions of the Labor Code.  Plaintiff cursorily alleges that Life Time: (1) failed to pay overtime wages in violation of sections 510 and 1198; (2) failed to provide meal breaks or pay meal period premiums in violation of sections 226.7 and 512(a); (3) failed to provide rest breaks or pay rest period premiums in violation of section 226.7; (4) failed to pay minimum wages in violation of sections 1194, 1197, and 1197.1; (5) failed to pay timely final wages in violation of sections 201 and 202; (6) failed to pay timely wages during employment in violation of section 204; (7) failed to provide accurate itemized wage statements in violation of section 226(a); (8) failed to maintain payroll records in violation of section 1174(d); and (9) failed to reimburse employees for necessary business expenses in violation of sections 2800 and 2802.  In addition, Plaintiff asserts an unfair competition claim under the California Business & Professions Code section 17200 *et seq.* ("UCL") and a claim for civil penalties under the Private Attorneys General Act of 2004, Labor Code section 2698 *et seq.* ("PAGA").  Plaintiff seeks to represent all hourly or non-exempt employees of Defendants in California. (Dkt. No. xx at ¶ 14.)

The Complaint is utterly devoid of any factual allegations to support Plaintiff's claims. But that understates the deficiency in the pleading because the Complaint is also devoid of any specific facts related to either Plaintiff's employment or Life Time's business.  Indeed, other than the names of the parties, the instant Complaint is the exact same as at least two other complaints that Plaintiff's

---

[1] Life Time Fitness, Inc. was a previous corporate name for Life Time, Inc.  For the purposes of this motion and without waiving any defenses, Life Time, Inc. assumes that Plaintiff intended to name Life Time, Inc. as a Defendant in this action.

Carothers DiSante & Freudenberger LLP

1576266.1

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

attorney filed for different plaintiffs against wholly different defendants.  It is as though Plaintiff's attorney merely used "control f" to swap out names from a template complaint.  Surely the pleading standards of Rule 8 and the reasonable inquiry standard of Rule 11 require more to put a specific defendant on notice about how its business practices allegedly violate the law.

Instead, the Complaint is mere recitation of the elements of the Labor Code sections couched as fact, followed by legal conclusions that Life Time violated the Labor Code.  It would be patently unfair to require Life Time to undergo the expense of discovery and continued litigation based on these threadbare allegations alone.  As such, Plaintiff's entire Complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  PLAINTIFF COUNSEL'S COOKIE-CUTTER COMPLAINTS

On a Rule 12(b)(6) motion, a court may only consider evidence outside the pleadings without converting the motion to one for summary judgment in two limited circumstances.  First, when documents are attached to the complaint or incorporated by reference, it is proper to consider them on a 12(b)(6) motion.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Second, when facts are "not subject to reasonable dispute," the court may take judicial notice of them, and consider them without converting the motion to one for summary judgment.  *Id.*  Facts are "not subject to reasonable dispute" when they are either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).

In the instant case, it is not subject to reasonable dispute that Plaintiff's counsel has filed nearly the ***exact same complaint*** against at least two other California employers within weeks of filing the instant Complaint. Plaintiff's counsel filed a complaint on behalf of Joshua Brown, Bryan Krenek, Martin Castaneda, and Michael Layman against their former employer, Crown Equipment Corporation, on September 27, 2019 in Superior Court of California, Sacramento County.  2019 WL 5266950.  Crown Equipment is an equipment supply company in Sacramento specializing in forklifts.  *See* https://www.crown.com/en-us.html (last visited January 10, 2020).  Plaintiff filed the instant Complaint against Life Time on November 21, 2019.  Life Time operates fitness centers in California, including Roseville.  Plaintiff's counsel filed a complaint on behalf of Karina Gomez

against her former employer, Tri-City Health Center, on December 6, 2020, in Superior Court of California, Alameda County.  Tri-City Health Center is a medical facility in Fremont, California. *See* https://tri-cityhealth.org/ (last visited January 10, 2020).

Each of the three complaints for these matters are nearly word for word, paragraph by paragraph, claim by claim, the exact same document.[2]  Indeed, merely laying the complaints side by side will show that ***almost 200*** of the 209 numbered paragraphs of the instant Complaint are ***identical to corollary paragraphs*** in the Gomez complaint (but for gendered pronouns), and in the Brown complaint (but for plural pronouns/verb tense).  In none of these three complaints—that span more than 200 paragraphs each—does Plaintiff's attorney bother to detail anything specific about the plaintiffs' employment (other than dates of employment), or the defendants' practices.  Yet it strains credulity to believe that a forklift supply company, a fitness center, and a health care facility have literally no differences in their employment practices.  There is no reasonable dispute that Plaintiff's counsel has filed (at least) three complaints including the instant complaint with no material variation whatsoever.

So called cookie-cutter complaints are evidence of a failure to conduct a pre-filing investigation required under Federal Rule of Civil Procedure Rule 11.  *See Hoang v. JPMorgan Chase Bank, N.A.*, No. 5:13-CV-00582 EJD, 2013 WL 1436125, at *2 (N.D. Cal. Apr. 9, 2013) (taking judicial notice of the dockets of cookie-cutter actions and noting that "[u]nfortunately, cookie-cutter causes of action containing vague allegations used in complaint after complaint have come to dominate foreclosure litigation. This type of practice is unacceptable, and is a violation of counsel's duty under Federal Rule of Civil Procedure 11(b)(3) to ensure that 'the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'").  Furthermore, such threadbare complaints, without any specificity about a defendant's actual practices, do not provide proper notice to defendants as to what practices are in dispute.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell*

---

[2] The only differences between the complaints are the names of the parties, dates of employment and the submission to the Labor Workforce Development Agency, county and court information, gendered pronouns, and various misspellings.

Carothers DiSante & Freudenberger LLP

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1576266.1

1   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2           For the reasonable inquiry standard of Rule 11 and pleading standards of *Iqbal/Twombly* to

3   mean anything at all, a complaint must identify actual or suspected facts and circumstances that are

4   specific to the issues between the parties.  Otherwise, a plaintiff's attorney is incentivized to file suit

5   against as many companies as possible, use the filing as a springboard for breathtaking class

6   discovery, and investigate only if and after the complaint has survived a motion to dismiss.

7           Here, the Court should take judicial notice that Plaintiff's counsel has filed cookie-cutter

8   complaints in at least two other cases and dismiss this case on that basis alone.  Furthermore, other

9   courts have gone so far as to dismiss cookie-cutter complaints with prejudice.  *See Balikian v. Ally*

10  *Fin., Inc.*, No. CV 12-7591-GWJCX, 2012 WL 5518853, at *1 (C.D. Cal. Nov. 14, 2012); *Naguiat*

11  *v. BAC Home Loans Servicing, LP*, No. C 10-4303 RS, 2011 WL 4903180, at *1 (N.D. Cal. Oct. 14,

12  2011).  In the least, this Court should require Plaintiff to show cause before being allowed to amend.

13  *See Levine v. Entrust Grp., Inc.*, No. C 12-03959, 2013 WL 2606407, at *2 (N.D. Cal. June 11, 2013),

14  *aff'd sub nom. Brissette v. Entrust Grp., Inc.*, 621 F. App'x 461 (9th Cir. 2015) ("This order is

15  concerned that plaintiffs are filing parallel complaints against defendants until they can find a judge

16  who permits their allegations to survive a motion to dismiss."); *see also Yanakeff v. JP Morgan Chase*

17  *Bank, N.A., No. 2:12-CV-13221, 2013 WL 6328673*, at *10 (E.D. Mich. Dec. 5, 2013) (dismissing

18  with prejudice and requiring the plaintiff's attorney show cause because "[c]ookie cutter complaints

19  and other pleadings that fail to link boilerplate language to an individual litigant's specific facts do

20  nothing more than to needlessly cause others—in this case, Defendants and this Court—to expend

21  unnecessary time and resources."); *Rabbah v. Fed. Home Loan Mortg. Corp.*, No. 12-14599, 2013

22  WL 153729, at *2 (E.D. Mich. Jan. 15, 2013) (noting that a plaintiff's attorney who filed cookie-

23  cutter complaints was thereafter required to "show cause why those actions should not be dismissed

24  and to show cause why he should not be sanctioned for his conduct pursuant to Fed. R. Civ. Pro.

25  11.").  Such a result is warranted here, where Plaintiff could otherwise request a breathtaking and

26  costly scope of discovery against Life Time (and numerous other defendants) without conducting

27  any pre-suit investigation whatsoever.

28  / / /

Carothers DiSante &
Freudenberger LLP

1576266.1

### III.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

**A.  Standard of Review**

Even if this Court ignores the backdrop that the instant Complaint is a cookie-cutter complaint of at least two other cases (a fact it should not ignore), the Complaint still should be dismissed because the allegations in their own light fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Unsupported conclusions, unwarranted inferences, or broad legal conclusions do not satisfy this standard, as it is not enough for a plaintiff to plead facts that are "merely consistent with" liability. *Iqbal*, 556 U.S. 662 (2009) ("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief." (internal quotations omitted)); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (the Court "is not required to accept legal conclusions cast in the form of factual allegations").

A complaint must allege sufficient facts to support a "claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The failure of a complaint to provide a plausible (not just possible) claim for relief will result in its dismissal and "[d]etermining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Rule 8's pleading standard does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombley*, 550 U.S. at 555).  A pleading containing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombley*, 550 U.S. at 555).

To determine whether a pleading adequately states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim." *Iqbal*, 550 U.S. at 675.  Courts then undertake a two-prong analysis.  First, the court must identify which statements in the complaint are factual allegations and which are legal conclusions.  Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *Id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth").  Second, the court, drawing "on its judicial experience

Carothers DiSante & Freudenberger LLP

1576266.1

and common sense" must decide in the specific context of the case whether the factual allegations, if assumed true, allege a plausible claim.  *Id.* at 679.  An inference of liability is not plausible when the allegations of the complaint give rise to an "obvious alternative explanation" of legality.  *Id.* at 682.

The Ninth Circuit clarified after *Twombley* and *Iqbal* that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff has not met his burden here.  The Complaint does nothing more than set forth the elements of the claims he brings, and state legal conclusions that Life Time violated the Labor Code, without providing any supporting facts to provide Life Time with notice of his claims.  As a result, Plaintiff's Complaint should be dismissed *in toto* because it fails to state any claim upon which relief can be granted.

**B.**     <u>**Failure to Pay Overtime Compensation Claim**</u>

Without citing any facts specific to himself or Life Time (or the other parties in the cookie-cutter complaints, for that matter), Plaintiff brings a cause of action on behalf of himself and a putative class alleging Life Time failed to pay overtime wages as required by Labor Code sections 510 and 1198.  Specifically, Plaintiff alleges: (1) he and the putative class members worked over eight hours in a day and/or 40 hours in a week; (2) Life Time did not pay overtime wages; (3) Life Time knew or should have known Plaintiff and the putative class were entitled to overtime wages; (4) Life Time had the financial ability to pay overtime wages; and (5) Life Time did not pay overtime wages to increase its profit margins.  (Dkt. No. xx at ¶¶ 32-34, 44-45, 53, 60-61.)  The Complaint elsewhere sets out the requirements of Labor Code sections 510 and 1198 and the applicable IWC Wage Order.  (Dkt. No. xx at ¶¶ 55-59, 62-63.)  The Complaint does not allege <u>any</u> facts to support this claim, let alone facts that are specific to the parties in this matter.

To state a claim for unpaid overtime wages, a plaintiff must allege "at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek . . ."

Carothers DiSante & Freudenberger LLP

1576266.1

1  *Landers v. Quality Comm's, Inc.*, 771 F.3d 638, 644-46 (9th Cir. 2014) as amended (Jan. 26, 2015),

2  cert denied, 575 U.S. 979 (2015); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 941-42

3  (N.D. Cal. 2016) (applying the *Landers* standard to claims under the Labor Code).  Plaintiff's

4  threadbare allegations merely state the requirements for payment of overtime compensation under

5  the Labor Code and conclude Life Time violated the Labor Code, without any factual allegations to

6  support that he or the putative class worked over 40 hours in a given week or eight hours in a given

7  day.

8          Plaintiff's allegations are identical to those that courts have specifically found do not meet

9  Rule 8's pleading standard.  *See, e.g.*, *Shann v. Durhman School Services L.P.*, 182 F. Supp. 3d 1044,

10  1047 (C.D. Cal. 2016) (holding the plaintiff failed to state a claim for unpaid overtime wages where

11  the complaint merely alleges the plaintiff and putative class "worked more than 40 hours per week,

12  without being paid the proper overtime pay as required by the FLSA, during the period of time they

13  worked 'off the clock.'"); *Haralson*, 224 F. Supp. 3d at 942 (holding the plaintiff failed to state a

14  claim for unpaid overtime wages where the complaint did not provide "any factual information

15  regarding whether [the plaintiff] worked more than forty hours in any given workweek such that [the

16  plaintiff] was entitled to overtime wages" and the plaintiff was required, at the very least, to plead

17  some factual information from which the court could infer he was deprived of overtime wages);

18  *Perez v. Wells Fargo and Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) (holding the plaintiff

19  failed to state a claim for unpaid overtime wages where the complaint merely alleges the plaintiffs

20  worked for the defendant and "regularly" or "regularly and consistently" worked over 40 hours a

21  week, without any more factual detail); *Ortiz v. Amazon.com LLC*, No. 17-cv-03820-JSW, 2017 WL

22  11093812, at *4 (N.D. Cal. Oct. 10, 2017) (holding the plaintiff failed to state a claim for unpaid

23  overtime wages where he only alleged "when he worked for Defendants; his job title; work locations;

24  and on many occasions worked more than eight hours per day or 40 hours per week" because the

25  allegations are "essentially legal conclusions couched as fact"); *Gutierrez v. Aaron's, Inc.*,

26  No. 2:10-cv-02417-MCE-EFB, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) (holding the

27  plaintiff failed to state a claim for unpaid overtime wages where the plaintiff merely alleged legal

28  conclusions and the sole factual allegation that the employer has a policy of auto-deducting

CAROTHERS DISANTE &
FREUDENBERGER LLP

1576266.1

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

30 minutes of time on days the employee worked over six hours); *Anderson v. Blockbuster, Inc.*, No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249, at *2 (E.D. Cal. May 4, 2010) (holding the plaintiff failed to state a claim for unpaid overtime wages where the complaint only alleged "[p]laintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" and "[d]efendants willfully failed to pay all overtime") (citing *DeLeon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx), 2009 U.S. Dist. LEXIS 74345 at *7 (C.D. Cal. July 17, 2009) (dismissing claims based on similar threadbare allegations)).

Courts in California have consistently held that allegations like those in the instant Complaint are insufficient to state a claim for which relief can be granted.  Like in those cases, Plaintiff's claim for unpaid overtime compensation must be dismissed.

**C.    Failure to Provide Meal Periods or Pay Premiums Claim**

Again, without providing any detail specific to himself or Life Time, Plaintiff brings a cause of action on behalf of himself and a putative class alleging Life Time did not provide meal periods or pay meal period premiums as required by Labor Code sections 226.7 and 512(a).  In support of this cause of action, Plaintiff cursorily alleges: (1) Life Time failed to provide all required meal breaks; (2) Life Time did not compensate Plaintiff and the putative class for missed meal breaks, despite knowing they were entitled to compensation; (3) Plaintiff and class members with shifts no longer than six hours who did not waive their meal break did not receive an uninterrupted 30-minute meal break before the end of their fifth hour of work; (4) Plaintiff and class members with shifts greater than six hours did not receive an uninterrupted 30-minute meal break; and (5) Life Time willfully required Plaintiff and the putative class to work during meal breaks.  (Dkt. No. xx at ¶¶ 27, 33, 35, 36, 46, 64-74.)  It is well-settled that "[t]he pleading standards set forth in *Landers* apply equally to [a plaintiff's] state overtime, minimum wage, meal period, and rest break allegations." *Shann*, 182 F. Supp. 3d at 1048 (citation omitted).  Plaintiff has not met this standard, as the Complaint does not contain any factual allegations to support this claim.

The allegations here are similar to the allegations in cases where the court has found the plaintiff failed to allege sufficient facts to state a claim for meal break violations.  In *Wert v. U.S.*

13

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1 *Bancorp*, No. 13-cv-3130-BAS(BLM), 2014 WL 2860287, at *5-6 (S.D. Cal. June 23, 2014), the

2 complaint alleged only that "Defendants oftentimes did not provide Plaintiff with meal breaks during

3 the work day" and "Defendants often failed to provide first and sometimes second meal periods to

4 Plaintiffs and Defendants' other California employees." *Id.* at *5.  The court determined the

5 allegations only addressed Section 512's requirements in a cursory manner and "the bareness of the

6 allegations is tantamount to conclusory assertions that Defendants violated a statute and not much

7 more." *Id.*  As such, the court dismissed the claims for failure to state a claim. *Id.* at *6.  Other

8 courts in California are in accord with *Wert*. *E.g.*, *de Dios v. Gerard Roof Products, LLC*, 5:18-CV-

9 01163 SJO (FFMx), 2019 WL 6792814, at *4 (C.D. Cal. Aug. 8, 2019) (dismissing claim where the

10 complaint simply parroted the language from *Brinker* that the plaintiff was discouraged from taking

11 breaks and the employer failed to relinquish control, instead requiring a plaintiff to plead facts

12 regarding how the employer discouraged him from taking breaks or in what ways the employer failed

13 to relinquish control); *Ortiz*, 2017 WL 11093812, at *5 (dismissing claim where the complaint merely

14 alleges the plaintiff was consistently denied meal periods and was not consistently provided

15 uninterrupted meal periods within the first five hours of work, because these allegations are legal

16 conclusions couched as facts).  Here, the Complaint recites the elements of a claim for meal break

17 violations and unpaid premiums, and concludes Life Time violated the Labor Code without any

18 factual content in support.  As the allegations in Plaintiff's Complaint merit those dismissed as

19 insufficient in *Wert*, *de Dios*, and *Ortiz*, the same result is warranted here.

20      The allegations in the Complaint are woefully deficient and do not provide any notice as to

21 what Plaintiff is claiming.  Plaintiff's claim for meal break violations and failure to provide meal

22 break premiums must be dismissed.

23 **D.**      **Failure to Provide Rest Breaks or Pay Premiums Claim**

24      Again, without specific facts related to himself or Life Time, Plaintiff brings a cause of action

25 on behalf of a class alleging Life Time did not provide rest breaks or pay rest break premiums as

26 required by Labor Code section 226.7.  In support of this cause of action, Plaintiff alleges Life Time

27 failed to provide all required rest breaks, willfully required Plaintiff and the putative class members

28 to work during rest breaks, and failed to pay premiums for non-compliant rest breaks.  (Dkt. No. xx

14

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1  at ¶ 27, 33, 35, 37, 46, 75-83.)

2       Courts have dismissed similar allegations for failure to state a claim under Rule 12(b)(6).  In

3  *Ortiz*, 2017 WL 11093812, at *5, the court dismissed the plaintiff's rest break claim where the

4  plaintiff only alleged that he was consistently denied rest breaks and was not consistently provided

5  uninterrupted net ten-minute rest breaks.  The court found the claims insufficient under Rule 8

6  because these allegations are nothing more than legal conclusions couched as facts.  In *Amador-*

7  *Stewart v. Snooze HiC LLC*, 18-cv-01604-LAB-MDD, 2019 WL 4599837, at *4 (S.D. Cal. Sept. 23,

8  2019), the court dismissed the plaintiff's rest break claims where the complaint merely alleged the

9  plaintiff worked shifts greater than four hours without being afforded net ten-minute rest periods and

10  was not compensated for missed rest periods.  The court reasoned that these allegations merely mirror

11  the statutory language and rest on legal conclusions, which is insufficient to state a claim.  *Id.* (citing

12  *Ritenour v. Carrington Mortg. Servs LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017)).  Similarly,

13  the Complaint here merely restates the rest break requirements of Section 226.7 and the IWC Wage

14  Order, and concludes Life Time violated the Labor Code and Wage Order without any factual

15  support.

16       The Complaint does not contain any facts to support Plaintiff's conclusory allegations.

17  Plaintiff's claim for rest break violations and failure to provide rest break premiums must be

18  dismissed.

19  **E.**     **Failure to Pay Minimum Wage Claim**

20       Again, without specific facts related to himself or Life Time, Plaintiff alleges he and the

21  putative class members were not paid the minimum wage for all hours worked.[3]  (Dkt. No. xx at

22  ¶¶ 33, 38, 47, 84-89.)  Similar to his claim for unpaid overtime compensation, Plaintiff has failed to

23  state a claim upon which relief can be granted.

24       To state a claim for unpaid minimum wages, a plaintiff must allege at least one workweek

25

26  _____

27  [3] Because the Complaint lacks nearly any factual allegations whatsoever, it is unclear to what extent Plaintiff's minimum wage claim is premised on the failure to provide meal or rest breaks, thus constituting a derivative claim, as opposed to an independent violation of the Labor Code.

28  Regardless, it must be dismissed.

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1  where he was not paid minimum wages.  *Landers*, 771 F.3d at 644-46.  In *Haralson*, the court found

2  the plaintiff did not sufficiently plead a cause of action for unpaid minimum wages because the only

3  allegations were that the employer auto-deducted 30 minutes of time for meal periods regardless of

4  whether the meal period was taken, and the plaintiff was directed to work off-the-clock after the end

5  of his shift. 224 F. Supp. 3d. at 941-42.  The court's determination mirrored its determination on the

6  claims for unpaid overtime wages.  The complaint did not provide any factual content regarding

7  when the plaintiff worked, the length of the shift, an estimate of the amount of time spent working

8  off-the-clock, or any other facts to establish plausibility.  *Id.* at 942.  As such, the court dismissed for

9  failure to state a claim.  *Id.*  Likewise, in *Amador-Stewart*, 2019 WL 4599837, at *4, the court

10  dismissed the plaintiff's claims for unpaid minimum wages where the plaintiff did not allege what

11  her hourly rate was (such that it was below the state minimum wage), and did not allege any facts to

12  support that the work she was doing for which she was allegedly not paid the minimum wage

13  amounted to compensable work.  Here, the Complaint merely states Life Time failed to pay Plaintiff

14  and the putative class members the minimum wage as required under the Labor Code.  The Complaint

15  contains no additional factual content from which it may be inferred that Plaintiff's minimum wage

16  claim is plausible.

17          It is well-established that allegations like those in the Complaint are insufficient to state a

18  claim for unpaid minimum wages.  Plaintiff's claim must be dismissed.

19  **F.**     **Failure to Pay Timely Wages During Employment & Upon Termination Claims**

20          Again, without specific facts related to himself or Life Time, Plaintiff brings claims for failure

21  to pay timely wages during employment and upon termination in violation of Labor Code sections

22  201, 202 and 204.  In support, Plaintiff alleges Life Time failed to pay Plaintiff and the putative class

23  "all wages owed to them upon discharge or resignation" and failed to pay wages during employment

24  within the time permissible under Section 204.[4]  (Dkt. No. xx at ¶¶ 39-40, 48-49, 90-101.)   As with

25  the other allegations, this claim fails to meet the requisite pleading standard.

26  

_____

27  [4] As with his minimum wage claim, the extent to which these claims are predicated on the underlying
    wage and hour violations or have an independent basis is unclear.  Regardless, the Complaint fails
28  as a matter of law.

Carothers DiSante &
Freudenberger LLP

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

In *Anderson*, 2010 WL 1797249, at *3 the court dismissed similarly conclusory allegations. The *Anderson* complaint alleged "[d]efendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ." *Id.* The court found these allegations insufficient to state a claim under Labor Code sections 201 and 202 because the plaintiff "merely gives a legal conclusion referencing Defendant." *Id.* Just as it did the section 201 and 202 claims, the *Anderson* court dismissed similarly conclusory allegations that the employer failed to pay timely wages during employment in violation of Section 204. *Id.* The allegation provided "Defendants willfully failed to pay Plaintiff and class members all wages due to them, within any time period permissible by California Labor Code section 204." *Id.* The court found the cause the claims for violations of Labor Code sections 201, 202, and 204 do not meet Rule 8's minimum pleading requirements because they do not state when or how the required wages were not paid. *Id.* The allegations in the Complaint here set forth nearly identical verbiage as the allegations in *Anderson*. As such, the court should reach the same result and find the allegations insufficient to state a claim.

Plaintiff does not allege any facts to support when or how the wages were not paid, such that they were untimely under sections 201, 202, and/or 204. These claims must be dismissed.

## G.   Failure to Provide Accurate Itemized Wage Statements Claim

Again, without specific facts related to himself or Life Time, Plaintiff alleges Life Time failed to provide accurate itemized wage statements as required by Section 226(a) because the wage statements did not include the total number of hours worked.[5] (Dkt. No. xx at ¶¶ 41, 102-08.)

Courts in California have dismissed Section 226(a) claims where the complaint merely "parrots the language of the statute." *Ramirez v. Manpower, Inc.*, No. 5:13-cv-2880-EJD, 2014 WL 116531, at *5 (N.D. Cal. Jan. 13, 2014) (finding insufficient the allegation that the employer

---

[5] Like many of Plaintiff's claims, the Complaint lacks sufficient factual content to determine whether this claim is predicated on Plaintiff's underlying failure to pay minimum and/or overtime wages claims, failure to pay meal period premiums claim, failure to provide rest break premiums claim, or some independent basis. Nonetheless, this claim fails.

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   "knowingly and intentionally failed to comply with California Labor Code § 226(a) and IWC Wage

2   Order No. 4–2001" because the allegation does not provide "any factual content that allows the Court

3   to draw the reasonable inference that Defendants are liable for the misconduct alleged"); *see also*

4   *Gutierrez*, 2010 WL 4968142, at *3 (holding the plaintiff failed to state a claim under Section 226(a)

5   where the complaint merely alleges the defendant has a policy of subtracting time from paychecks

6   and concludes the defendant's failure to comply with Section 226(a) is intentional).  The Complaint

7   here contains only the threadbare allegation that Life Time did not provide Plaintiff and the putative

8   class members with accurate itemized wage statements, but provides no facts showing a plausible

9   claim for relief.  Moreover, Plaintiff seeks statutory penalties under Section 226(e), but does not

10  allege any facts to support Life Time's alleged "knowing and intentional" failure to provide accurate

11  itemized wage statements.  The allegations are mere recitals of the requirements of Section 226 and

12  legal conclusions that Life Time violated Section 226, which is insufficient to state a claim under

13  Rule 8's minimum pleading standard.

14          Plaintiff has failed to state a claim for violation of Section 226 upon which relief can be

15  granted.  This claim must be dismissed.

16  **H.     Failure to Keep Accurate Payroll Records Claim**

17          Again, without specific facts related to himself or Life Time, Plaintiff claims Life Time failed

18  to keep accurate payroll records as required by Section 1174(d).  The Complaint alleges Life Time

19  intentionally failed to keep records of hours worked and wages paid and that Plaintiff and the putative

20  class were injured as a result.[6]  (Dkt. No. xx at ¶¶ 42, 51, 109-13.)  Plaintiff has failed to state a claim

21  upon which relief may be granted.

22          To the extent the Complaint may be construed as asserting a private right of action, the claims

23  must be dismissed because there is no private right of action under Section 1174.[7]  A right of action

24  to recover penalties under Section 1174 only exists under PAGA.  *Noe v. Sup. Ct.*, 237 Cal. App. 4th

25

26  _____

27  [6] Again, the Complaint lacks sufficient facts to determine whether this claim is independent or derivative.

28  [7] Furthermore, Plaintiff seeks statutory penalties under Section 1174.5.  (Dkt. No. xx Prayer for Relief at ¶ 53.)  However, Section 1174.5 expressly provides for only a civil penalty, not statutory penalties.

CAROTHERS DISANTE &
FREUDENBERGER LLP

1576266.1

18                    MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

316, 339 (2015) ("[w]here . . . a Labor Code provision provides for a 'civil penalty' and contains no language suggesting the penalty is recoverable directly by employees, no private right of action is available other than through a PAGA claim."); *Cleveland v. Groceryworks.com LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016) (granting summary judgment to employer because there is no private right of action under Section 1174 and the plaintiff did not explicitly invoke PAGA and did not submit evidence he exhausted  PAGA's administrative requirements).  On this basis, the Section 1174 claims must be dismissed.

Plaintiff's claim for civil penalties under PAGA for alleged violations of Section 1174 also fails because the allegations do not satisfy Rule 8's pleading standard.  The court in *Kemp v. Internat'l Business Machines Corp.*, 2010 WL 4698490, at *3-4 (N.D. Cal. Nov. 8, 2010), dismissed a complaint containing similar allegations.  In *Kemp*, the complaint merely recited the requirements of the Labor Code and that the plaintiff had been unable to obtain his payroll records from a centralized location and upon information and belief, no such location existed.  *Id.* at *4.  The court found this allegation "does not demonstrate beyond a highly speculative level that IBM may actually be engaged in unlawful record-keeping practices." *Id.*  The court reasoned that although that information is uniquely within the employer's control, the plaintiff did not allege he even sought his employment records or undertook any investigation into their existence.  *Id.*  Here, Plaintiff alleges even less than the complaint in *Kemp*.  Plaintiff does not allege he ever sought his payroll records or that he investigated whether a centralized location exists.  Plaintiff merely recites Section 1174(d) and concludes Life Time violated the Labor Code without any factual support.

Plaintiff has failed to allege sufficient facts to state a plausible claim for relief for a violation of Section 1174(d).  This claim must be dismissed.

## I.     Failure to Reimburse for Necessary Business-Related Expenses Claim

Again, without specific facts related to himself or Life Time, Plaintiff claims Life Time violated Labor Code sections 2800 and 2802 when it failed to reimburse employees for necessary business-related expenses.  Plaintiff alleges Life Time failed to reimburse employees for expenses, knew or should have known Plaintiff and the putative class members were entitled to reimbursement, and intentionally and willfully failed to reimburse Plaintiff and the putative class members.  (Dkt.

Carothers DiSante & Freudenberger LLP

1576266.1

1   No. xx at ¶¶ 43, 52, 114-17.)  These allegations are insufficient under Rule 8.

2          Courts have dismissed claims for unreimbursed business expenses where there is insufficient

3   factual detail to support the claim.  For example, in *Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-

4   SKO, 2019 WL 2918061, at *7 (E.D. Cal. July 8, 2019), the court dismissed the plaintiff's Section

5   2802 claims where the complaint only alleged the defendant did not reimburse employees for the

6   costs of required uniforms and equipment such as boots, cold suits, and protective helmets.  The court

7   determined these allegations were insufficient under Rule 8 because they "fail to identify when and

8   what business-related expenses and costs [the plaintiff] believes were not properly the subject of

9   reimbursement by defendant, what pattern and practice resulted in the alleged failure to reimburse,

10  or if plaintiff sought and was denied reimbursement."  *Id.*  Similar to *Tavares*, in *Kemp* the court

11  dismissed the plaintiff's claims for unreimbursed business expenses where the complaint "[did] not

12  allege any costs that [the plaintiff] incurred that were not fully reimbursed by IBM, and merely

13  reallege[d] that IBM unlawfully and willfully collected and received back earned commissions."

14  *Kemp*, 2010 WL 4698490, at *6.  Likewise, in *Wert* the court dismissed the claims under Section

15  2802 where the plaintiff failed to allege facts that show the costs for the claimed business expenses

16  were a "necessary expense" as required under Section 2802.  *Wert*, 2014 WL 2860287, at *6.  Here,

17  Plaintiff does not allege what business expenses he believes he is owed reimbursement for, the cost

18  of said expenses, Life Time's alleged pattern or practice of not reimbursing for these expenses, or

19  whether Plaintiff sought and was denied reimbursement.  The Complaint merely sets out the

20  requirements of Sections 2800 and 2802 and concludes Life Time violated the Labor Code.

21  Following the reasoning of the courts in *Tavares*, *Kemp*, and *Wert*, the Complaint fails to allege

22  sufficient facts in support of this claim and thus fails to state claim.

23          The Complaint does not provide notice to Life Time as to the factual basis for Plaintiff's

24  claims for reimbursement of necessary business expenses.  The claim must be dismissed.

25  **J.   Derivative Claims**

26          The Complaint alleges derivative claims for unfair business practices under the UCL and for

27  civil penalties under PAGA.  (Dkt. No. xx at ¶¶ 18-24, 118-40.)  As noted above, the Complaint lacks

28  sufficient facts to determine which claims are derivative of the underlying wage and hour claims.  To

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1  the extent Plaintiff has failed to allege sufficient facts to state a claim as to any or all of the underlying

2  wage and hour claims, Plaintiff necessarily has failed to state a claim for his derivative claims. *See*

3  *Haralson*, 224 F. Supp. 3d at 943 (holding that where the plaintiff failed to adequately plead the

4  underlying wage and hour claims, the derivative claims also fail); *Gutierrez*, 2010 WL 4968142, at

5  *3 (holding that because none of the primary causes of action contain sufficient factual allegations

6  "the remaining derivative claims are consequently dismissed").  The PAGA and UCL claims, as well

7  as all other derivative claims that are premised on the insufficiently-plead underlying wage and hour

8  claims, must be dismissed.

9  **K.**   **Plaintiff's Request for Injunctive Relief**

10       Plaintiff seeks injunctive relief for both his UCL claim and Section 226(a) claim.  (Dkt.

11  No. xx at Prayer for Relief ¶¶ 48, 66.)  However, Plaintiff has not been employed by Life Time since

12  September 2018 and the Complaint does not allege Plaintiff intends to seek or has any interest in

13  seeking reemployment with Life Time in the future.  (Dkt. No. xx at ¶ 26.)  As a result, Plaintiff does

14  not have standing to seek injunctive relief for either claim.

15       The Ninth Circuit has held that "[a] former employee currently seeking to be reinstated or

16  rehired may have standing to seek injunctive relief against a former employer.  But a former

17  employee has no claim for injunctive relief addressing the employment practices of a former

18  employer absent a reasonably certain basis for concluding he or she has some personal need for

19  prospective relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) (internal

20  citations omitted); *see also Walsh v. New Dep't Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)

21  (concluding that the plaintiff, a former employee who made no indication of any interest in returning

22  to work for defendant, "would not stand to benefit from an injunction . . . at her former place of

23  work").  Based on Plaintiff's own allegations, Plaintiff is a former employee and does not allege the

24  possibility of any future injury.  Plaintiff's claims for injunctive relief must be dismissed.

25                    **IV.  CONCLUSION**

26       The fact that Plaintiff filed the instant Complaint, nearly identical to at least two other

27  complaints his attorney has filed in recent months, is evidence of an absolute failure to conduct any

28  pre-filing investigation into the claims alleged.  Standing alone, the existence of cookie-cutter

Carothers DiSante &
Freudenberger LLP

1576266.1

21

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

complaints is reason to dismiss the instant Complaint, either with prejudice or demanding Plaintiff

show cause to amend.  But even if the Court does not rule on this basis (which it should), the absence

of any specificity in each and every claim requires this Complaint be dismissed for failure to state a

claim, as it gives Life Time no actual notice of the employment practices at issue.  For the foregoing

reasons, Defendants respectfully request this Court dismiss Plaintiff's Complaint.


Dated:  January 13, 2020                    CAROTHERS DISANTE & FREUDENBERGER LLP


                                            By:  _____/s/ Joel Van Parys_____
                                                          Joel Van Parys
                                            Attorneys for Defendants
                                            LIFE TIME, INC. and LTF CLUB MANAGEMENET CO,
                                            LLC

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1576266.1

MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT