UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LTF CLUB MANAGEMENT CO., LLC, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-00046-KJM-EFB<br><br><br>ORDER |

Defendants LTF Club Management Co., LLC and Life Time Fitness, Inc. move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the putative class action complaint lodged by plaintiff Samuel Turner. For the following reasons, the court GRANTS the motion with leave to amend.[1]

I.   BACKGROUND

On November 21, 2019, plaintiff Samuel Turner, a California resident, initiated this class action suit in Sacramento County Superior Court on behalf of himself and "other members of the general public similarly situated," against LTF Club Management Co, LLC, and Life Time Fitness Inc. (collectively "Life Time"). *See* Not. of Removal, Ex. A (Compl.), ECF

---

[1] In an effort to streamline resolution of motions to dismiss in cases where the parties have counsel, the court adopts the shortened form of order issued here.

1

1  No. 1-2, at 4.  Regarding the relationship between the parties, Turner states only, "[a]t all relevant
2  times, Defendant LTF Club Management Co, LLC and Life Time Fitness, Inc. were the
3  'employer' of Plaintiff within the meaning of all applicable California laws and statutes."  Compl.
4  ¶ 8.
5  On behalf of himself and purported class members, Turner alleges the following
6  claims: (1) failure to compensate overtime labor in violation of California Labor Code sections
7  510 and 1198; (2) failure to provide meal period premiums in violation of California Labor Code
8  sections 2226.7 and 512(a); (3) failure to provide rest period premiums in violation of California
9  Labor Code section 226.7; (4) failure to pay minimum wage in violation of California Labor
10  Code sections 1194, 1197 and 1197.1; (5) failure to timely pay final wages in violation of
11  California Labor Code sections 201 and 202; (6) failure to timely pay wages during employment
12  in violation of Labor code section 204; (7) failure to provide complete itemized wage statements
13  in violation of California Labor Code section 226(a); (8) failure to keep accurate and complete
14  payroll records in violation of California Labor Code section 1174(d); (9) failure to reimburse
15  work-related losses and expenses in violation of California Labor Code sections 2800 and 2802.
16  (10) a derivative claim of unfair business practices in violation of California Business and
17  Professions Code section 17200 *et. seq.*; and (11) a derivative claim under the Private Attorneys
18  General Act (PAGA), Cal. Lab. Code § 2698 *et. seq.  See* Compl. at 5; Opp'n, ECF No. 7, at 8.
19  Turner requests damages and injunctive relief.  *See, e.g.,* Compl. ¶¶ 46–49.
20  Life Time removed the case to this court on January 6, 2020, Not. of Removal,
21  and moved to dismiss the complaint on January 13, Mot., ECF No. 4.  Turner opposed the motion
22  to dismiss, Opp'n, ECF No. 7, and Life Time  replied, Reply, ECF No. 12.  The court submitted
23  the matter on May 6, 2020, and resolves it here.  ECF No. 9.
24  II.     LEGAL STANDARD
25  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to
26  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may
27  dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged
28  /////

2

under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

III.  DISCUSSION

  A.  Failure to Pay Overtime

As his first cause of action, Turner alleges Life Time failed to compensate him and other putative class members for overtime work, a violation of the California Labor Code. Compl. ¶¶ 55–63.

Under California law, employees have a cause of action against employers who fail to compensate overtime work with at least one and one-half times the regular rate of pay, with overtime defined as any work in excess of eight hours in one workday, or forty hours in any one workweek. *See* Cal. Lab. Code §§ 510, 1194. Turner's complaint states in conclusory fashion that he and other class members "worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week" and that Life Time willfully failed to compensate this overtime work. *See* Compl. ¶¶ 60–61; *see also id.* ¶¶ 33–34. These allegations simply rephrase the Labor Code provisions as factual statements, without providing any details specific to Turner or Life Time to establish plausibility. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) ("A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid,

3

the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) (explaining *Landers* applies to California Labor Code claims); *cf. Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015) (finding district court incorrectly dismissed overtime claim where "Boon identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week").

Accordingly, this claim is DISMISSED.

### B.     Failure to Provide Meal and Rest Periods

In his second and third claims, Turner alleges Life Time violated the meal break and rest period provisions of California Labor Code sections 512(a) and 226.7, which require employers to either provide certain meal and rest breaks or compensate employees with at least one hour's wages in lieu of such breaks. *See* Compl. ¶¶ 64–83.

Turner's complaint alleges Life Time "intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods," and "willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." Compl. ¶¶ 71, 80; *see also id.* ¶¶ 35–37.  These allegations are conclusory and fail to provide factual detail beyond a recitation of the elements of the cause of action. *See Twombly*, 550 U.S. 544 at 555.

The second and third causes of action are DISMISSED for these reasons.

### C.     Failure to Pay Minimum Wage

Turner's fourth claim alleges Life Time failed to pay him and other class members minimum wage in violation of  Labor Code sections 1194, 1197, 1197.1. *See* Compl. ¶¶ 84–89. Here, too, the complaint makes only conclusory allegations and alleges neither the rate at which plaintiff was compensated nor the relevant minimum wage during his period of employment. *See id.* ¶ 86 ("During the relevant time period, Defendants failed to pay minimum wage to Plaintiff

. . . ."). These allegations are insufficient for this court to determine the plausibility of the claim. *See Twombly*, 550 U.S. 544 at 555.

Turner's fourth cause of action is DISMISSED.

D.  Failure to Timely Pay Wages

In his fifth and sixth causes of action, Turner alleges Life Time did not timely pay wages to him during his employment, or upon cessation of his employment, in violation of Labor Code sections 201, 202 and 204. Compl. ¶¶ 90–101. The complaint alleges, "Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them," within the required timeframe established under Labor Code sections 201, 202, and 204. *See* Compl. ¶¶ 92, 100.

Again, these allegations restate the legal elements and do not allege facts distinguishable from legal conclusions. *See Twombly*, 550 U.S. 544 at 555. Accordingly, Turner's fifth and sixth causes of action are DISMISSED.

E.  Failure to Provide Complete Itemized Wage Statements, Payroll Records Access

Turner's seventh cause of action alleges, "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements," and his eighth cause of action alleges, "Defendants have intentionally and willfully failed to keep accurate and complete payroll records . . . . ," Compl. ¶¶ 104, 111; *see also id.* ¶¶ 41–42.

These allegations are insufficient to state claims under Labor Code sections 226 and 1174(d), which require employers to provide employees with an itemized statement listing, *inter alia*, the dates of the pay period and total hours worked, Cal. Lab. Code § 226(a), and require employers to keep payroll records at a central location accessible to employees for at least three years, Cal Lab. Code § 1174(d). Turner's allegations are conclusory and thus insufficient to meet the pleading standard required under Federal Rule of Civil Procedure 8. *See Twombly*, 550 U.S. 544 at 555.

The seventh and eighth causes of action are DISMISSED.

F.     Failure to Indemnify Work Related Losses and Expenses.

Turner's ninth claim alleges a violation of California Labor Code sections 2800 and 2802, which require employers to indemnify employees for necessary expenditures that result directly from either carrying out the duties of employment, Cal. Lab. Code § 2802, or from the employer's want of ordinary care, Cal. Lab. Code § 2800.  Compl. ¶¶ 114–117.  The complaint states: "Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants."  Compl. ¶ 116; *see also id*. ¶ 43.

Once again, this statement fails to provide any factual allegations that go beyond a recitation of the elements of the cause of action.  *See Twombly*, 550 U.S. 544 at 555.  Turner's ninth cause of action is DISMISSED.

G.     PAGA & UCL Claims

In his tenth and eleventh claims, Turner alleges derivative claims based on violations of Business & Professions Code section 17200 *et. seq.* and a PAGA claim based on violations of Labor Code section 2698 *et. seq.*, respectively.  *See* Compl. ¶¶ 118–140 (citing, *inter alia*, Cal. Lab. Code § 2699).

Because these claims are derivative of Turner's other Labor Code claims and, as discussed above, each of his first nine causes of action lacks sufficient detail to survive a 12(b)(6) challenge, these derivative claims must be DISMISSED as well.

H.     Request for Injunctive Relief

The complaint alleges Turner ceased employment with Life Time in October 2018; it does not allege any possibility of future injury, nor does Turner seek reinstatement.  Therefore, as pled, Turner does not have standing to pursue injunctive relief for any of his claims.  *See* Compl. ¶ 26; *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999) (class representative who will not personally suffer injury cannot seek injunctive relief on behalf of unnamed class members); *Stromberg v. Ocwen Loan Servicing, LLC*, No. 15-CV-04719-JST, 2017 WL 2686540, at *13 (N.D. Cal. June 22, 2017) ("Allegations that a defendant's continuing conduct subjects unnamed class members to the alleged harm are insufficient if the named plaintiffs are themselves unable to demonstrate a likelihood of future injury." (citation omitted));

1  *see also Ramirez v. Manpower, Inc.*, No. 5:13-CV-2880-EJD, 2014 WL 116531, at *7 (N.D. Cal. Jan. 13, 2014) ("Several district courts, including this one, have concluded that a former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees." (collecting cases)).

Turner's request for injunctive relief is DISMISSED for lack of standing.

IV.  CONCLUSION

Defendants' motion to dismiss is GRANTED, and the complaint is DISMISSED in its entirety, but with leave to amend if possible subject to Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.); *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) (noting the Ninth Circuit has "stressed Rule 15's policy of favoring amendments" and "applied this policy with liberality").  Any first amended complaint shall be filed within twenty-one days of the date this order is filed.

This order resolves ECF No. 4.

IT IS SO ORDERED.

DATED:  August 16, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE