UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samuel Turner, | No. 2:20-cv-00046-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| LTF Club Management Co., LLC, et. al, | |
| Defendants. | |

Defendants Life Time, Inc. and LTF Management Co., LLC move under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Samuel Turner's first amended putative class action complaint. For the following reasons, the motion is **granted** in its entirety.

**I.    BACKGROUND**

Turner commenced this action in Sacramento County Superior Court, individually and on behalf of similarly situated individuals, against his former employer, the defendants. *See generally* Compl., Not. of Removal Ex. A, ECF No. 1-2. Turner's original complaint alleges eleven claims. *Id.* Specifically, he alleges nine violations of the California Labor Code: (1) failure to compensate overtime labor in violation of California Labor Code sections 510 and 1198; (2) failure to provide meal period premiums in violation of California Labor Code sections 512(a) and 2226.7; (3) failure to provide rest period premiums in violation of California Labor Code section 226.7; (4) failure to pay minimum wage in violation of California Labor Code

1

1  sections 1194, 1197 and 1197.1; (5) failure to timely pay final wages in violation of California
2  Labor Code sections 201 and 202; (6) failure to timely pay wages during employment in violation
3  of Labor code section 204; (7) failure to provide complete itemized wage statements in violation
4  of California Labor Code section 226(a); (8) failure to keep accurate and complete payroll records
5  in violation of California Labor Code section 1174(d); (9) failure to reimburse work-related losses
6  and expenses in violation of California Labor Code sections 2800 and 2802.  *See* Compl. ¶¶ 55–
7  117.  Turner also alleges two derivative claims: (10) a derivative claim of unfair business
8  practices in violation of California Business and Professions Code section 17200 *et. seq.* (Unfair
9  Competition Law, or UCL); and (11) a derivative claim under the Private Attorneys General Act
10  (PAGA), California Labor Code section 2698 *et. seq.*  *See* Compl. ¶¶ 118–128.  Turner requests
11  damages and injunctive relief.  *See id.* ¶¶ 46–49, 66.

12  Defendants timely removed the case to this court, *see generally* Not. of Removal, ECF
13  No. 1, and then promptly moved to dismiss all eleven claims under Federal Rule of Civil
14  Procedure 12(b)(6), *see* Mot. Dismiss, ECF No. 4.  The court granted the motion, finding
15  Turner's Labor Code claims comprised generalized and conclusory statements devoid of any
16  factual detail.  *See generally* Order, ECF No. 16.  Turner timely filed a first amended complaint,
17  realleging all eleven claims.  *See generally* FAC, ECF No. 19.  Defendants again move to dismiss
18  the complaint in its entirety.  *See* ECF No. 20.  Turner opposes.  ECF No. 24.  Defendants replied.
19  ECF No. 26.  The court submitted the matter without oral argument and resolves it here.

20  **II.    LEGAL STANDARD**

21  A party may move to dismiss for "failure to state a claim upon which relief can be
22  granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint lacks a
23  "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.
24  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v.*
25  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The court assumes all factual
26  allegations are true and construes "them in the light most favorable to the nonmoving party."
27  *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch.*
28  *of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do

not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

### III.  ANALYSIS

The court begins with Turner's first four claims, as they are governed by the standard set forth in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015). The court then addresses Turner's remaining claims under the California Labor Code (claims 5–9), before briefly discussing Turner's derivative claims under the UCL and PAGA (claims 10–11).

#### A.  Claims 1–4
##### 1.  Legal Standard

In *Landers*, the Ninth Circuit articulated the post-*Twombly* and *Iqbal* standard for pleading wage-and-hour claims, including claims brought under the California Labor Code. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) ("Although *Landers* discussed FLSA claims, its reasoning applies to California Labor Code claims as well."); *Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020) (unpublished) (applying *Landers* to unpaid overtime, minimum wage, and rest break violation claims under the California Labor Code). The *Landers* court first acknowledged *Twombly* and *Iqbal's* now-familiar edicts: conclusory or formulaic recitations of the elements do not alone suffice; detailed factual allegations are not required, and plausibility is the touchstone of pleading analysis; a claim's plausibility is context-specific. *Landers*, 771 F.3d at 641, 644–45. With that standard in mind, the court then turned to the minimum wage and overtime claims at issue in that case, explaining that:

3

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. . . . Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.

*Id.* at 645.

The court then articulated what some courts appear to have interpreted as a floor: While plaintiffs are not "expected to allege 'with mathematical precision' the amount of overtime compensation owed by the employer, *id.* at 646 (quoting *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 90 (2d Cir. 2013)), "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages," *id.*

The *Landers* standard has been applied differently by different district courts in this circuit. Some courts require that plaintiffs plead facts identifying specific calendar weeks in which they were denied overtime pay, minimum wages, a meal break, or a rest break. *See, e.g.*, *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1192–93 (N.D. Cal. 2014) ("[P]laintiffs must plead facts as to each of the FLSA plaintiffs showing a specific week in which he/she worked more than 40 hours a week and was not compensated for overtime, or in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements of the FLSA."); *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 119-cv-00484, 2022 WL 411422, *4 (E.D. Cal. Feb. 10, 2022) ("[P]laintiffs must allege facts specifically identifying an instance where they were deprived of a meal or rest break." (citations omitted)). Some courts do not require such specificity. *See, e.g.*, *Varsam v. Lab'y Corp. of Am.*, 120 F. Fupp. 3d 1173, 1178 (S.D. Cal. 2015) ("Relying on [*Landers*], Defendant also argues that Plaintiff fails to allege a 'particular instance in which "she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that

4

workweek."' Contrary to Defendant's claim, *Landers* does not require that a 'particular instance' be pled." (citation omitted)); *Hansber v. Ulta Beauty Cosms.*, LLC, No. 121-cv-00022, 2021 WL 4553649, at *6 (E.D. Cal. Oct. 5, 2021) ("[Defendant] desires for *Landers* to be read such that Plaintiffs must identify specific workweeks in which meal and rest period violations occurred. Like other courts before, the Court is largely unmoved by this effort to have *Landers* read as strictly as possible." (citation omitted)). And yet other courts appear to take a more Solomonic approach. *See, e.g.*, *Reed v. AutoNation, Inc.*, No. 16-cv-08916, 2017 WL 6940519, at *4−5 (C.D. Cal. April 20, 2017) (concluding *Landers* does not require that plaintiffs allege a specific instance of a minimum-wage violation but does require that plaintiffs allege a specific instance of an overtime claim).

At least some of the difference in readings appears to stem from variations in the way the *Landers* court itself articulated the standard it set. Defendants moving to dismiss wage-and-hour claims often cite the following language: "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions *must allege that she worked* more than forty hours *in a given workweek* without being compensated for the hours worked in excess of forty *during that week*." *Landers*, 771 F.3d at 645 (emphasis added); *see also id.* at 646 ("Notably absent from the allegations in Landers's complaint, however, was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages."). Defendants, including the defendants in this case, generally interpret this language to require that plaintiffs identify a specific calendar week in which they were denied overtime pay. Plaintiffs, on the other hand, often point to the *Landers* court's statement that plaintiffs "should be able to *allege facts demonstrating* there was *at least one workweek* in which they worked in excess of forty hours and were not paid overtime wages." *Id.* (emphasis added). Plaintiffs, including plaintiff in this case, generally cite to this language and argue they can satisfy this standard with or without singling out a specific calendar week.

This court has not had a chance to weigh in on this question. It does so now, and it rejects a hypertechnical reading of *Landers* that would require plaintiffs to pinpoint specific dates to survive a motion to dismiss. It does so for at least three reasons.

5

First, there is no indication the *Landers* court sought to create a "heightened pleading standard" for FLSA claims or claims under the California Labor Code. *Contra, e.g.*, *Bledsoe v. LHC Grp. Inc.*, No. 18-cv-02863, 2019 WL 2716946, *1 (D. Ariz. June 28, 2019) (referring to "the heightened pleading standards of *Landers*," and stating *Landers* court created "another condition" in addition to the requirements set forth by *Twombly* and *Iqbal*). Rather, the court in *Landers* simply articulated, "[p]ost-*Twombly* and *Iqbal*, . . . the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA." *Landers*, 771 F.3d at 640. In doing so, it noted that federal courts had been operating under a notice pleading regime since the Federal Rules of Civil Procedure were first adopted in 1938. For roughly 70 years, litigants in federal court could satisfy Rule 8's pleading requirement "by a statement merely setting forth the elements of the claim." *Id.* (citation omitted). Although *Twombly* and *Iqbal* have altered that standard, as noted above, they mandate only that a complaint allege nonconclusory facts stating a facially plausible claim to relief; in the context of the Labor Code claims at issue here, this can be done with or without identifying specific dates. To require that plaintiffs identify specific instances of misconduct would, as one court has pointed out, impermissibly "[ratchet] up the general pleading standard such that it would resemble the Rule 9 particularity standard, which, in contrast to Rule 8, mandates that plaintiffs state the 'the who, what, when, where, and how' of their claims." *Sagastume v. Psychemedics Corp.*, No. 20-cv-6624, 2020 WL 8175597, at *3 (C.D. Cal. Nov. 30, 2020).

Second, a hypertechnical reading of *Landers* cannot be squared with *Boon v. Canon Bus. Sols.*, Inc., 592 F. App'x 631 (9th Cir. 2015) (unpublished),[1] decided after *Landers*. In *Boon*, the Ninth Circuit reversed as inconsistent with *Landers* a district court's ruling that a plaintiff's "complaint must contain an estimate of how much uncompensated time was worked, how often, and at what rate to survive a motion to dismiss." *Id.* at 632 (internal quotation marks and brackets

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate as provided by Ninth Circuit Rule 36-3(b). *See Animal Legal Def. Fund v. Veneman*, 490 F.3d 725, 733 (9th Cir. 2007) ("[A]s of January 1, 2007, we must now allow parties to cite even unpublished dispositions and unpublished orders as persuasive authority." (citation omitted)); *Nuh Nhuoc Loi v. Scribner*, 671 F. Supp. 2d 1189, 1201 n.10 (S.D. Cal. 2009) (noting "unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority").

omitted). In reversing, the *Boon* court explained *Landers'* holding that "plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* Because the plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week," his allegations "satisf[ied] the pleading requirements of *Landers* at this stage of the litigation." *Id.*

The *Boon* decision is consistent with this court's reading of *Landers*. As noted, the *Landers* court was addressing an issue of first impression. The Ninth Circuit thus looked to its sister circuits for guidance, including one case from the First Circuit: *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012). In *Pruell*, the plaintiffs alleged they had "regularly worked hours over forty in a week and were not compensated for such time." *Landers*, 771 F.3d at 642 (quoting *Pruell*, 678 F.3d at 13). The *Landers* court noted that it was "persuaded by the [following] rationale espoused" in *Pruell*, although the rationale led to a different result in *Landers*:

> The First Circuit described this allegation as "one of those borderline phrases" that, "while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." The court observed that this allegation was "little more than a paraphrase of the statute[]" and thus "too meager, vague, or conclusory to" nudge plaintiffs' claim "from the realm of mere conjecture...." to the realm of plausibility, as required by *Twombly* and *Iqbal*. The First Circuit noted that the amended complaint lacked examples of unpaid time, a description of work performed during overtime periods, or estimates of the overtime amounts owed. The court concluded that the allegations were "deficient[,] although not by a large margin."

*Id.* (citations omitted). Plaintiffs' allegation in *Pruell*—that they had "regularly worked hours over forty in a week and were not compensated for such time"—is almost exactly the same as one of Boon's allegations, that "he regularly worked more than eight hours in a day and forty hours in a week." *Boon*, 592 F. App'x at 632. Without more, such an allegation would likely be

7

dismissed under *Landers*. But as the Ninth Circuit noted, Boon included more in his complaint.[2] *See id.* ("Boon *identified tasks for which he was not paid* and alleged that he regularly worked more than eight hours in a day and forty hours in a week." (emphasis added)). Boon's additional pleadings are what presumably nudged his complaint "from the realm of mere conjecture to the realm of plausibility," notwithstanding the complaint's not identifying a specific calendar week. *See Landers*, 771 F.3d at 642 (citing *Pruell*, 678 F.3d at 14; noting "a description of work performed during overtime periods" would meet the plausibility standard).

Third, the *Landers* court's reading of *Pruell* is consistent with the conclusion that *Landers* does not impose a heightened pleading standard for wage-and-hour claims. Had the Ninth Circuit intended to impose a heightened pleading standard, the allegation in *Pruell* would have been categorically—not barely—deficient in the Ninth Circuit, and the *Landers* court would have distinguished rather than adopted *Pruell*. Moreover, the *Landers* court made a point of observing that plausibility is "context-specific," and it articulated ways in which plaintiffs may establish plausible claims, including: "by estimating the length of her average workweek during the

---

[2] The *Boon* court did not specify which tasks were alleged in the complaint, saying only that "plaintiff identified tasks for which he was not paid." *Id.* For context, however, the court takes judicial notice of Boon's complaint, available on the Central District of California's docket. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (internal quotation marks omitted)). In doing so, the court notes that Boon's allegations were extensive. Boon, a driver and copy repair technician for defendant Canon, alleged he was not compensated for: (1) any time spent "driving to the first repair location" and, at the end of the day, "back to his place of business"; (2) any time spent "at the last repair call of the day which went beyond his scheduled hours"; (3) any overtime hours that were not pre-approved by management; (4) any time Canon required him to spend responding to work emails at his home, including instructions from his supervisors, technical drawings and technical bulletins necessary to perform his job, and workplace announcements; (5) any time preparing for and taking Canon-required tests in order to be "certified" by Canon on various machines and repair procedures as part of Canon's "Educational Services system"; (6) any time spent tracking important inventory items, which Canon required be kept in his vehicle and at his home; (7) any time spent traveling to and from Canon's warehouse to replenish inventory; and (8) any time Canon required he work prior to arriving at the first customer location of the day, including receiving customer assignments, determining travel routes to customer locations, and speaking with Canon's customers in order to inform them of his estimated time of arrival. *See* First Amended Complaint ¶¶ 14–15, 17–20, *Boon v. Canon Bus. Sols., Inc.*, No. 11-cv-08206, 2012 WL 12848589 (C.D. Cal. May 21, 2012), *rev'd and remanded*, 592 F. App'x 631 (9th Cir. 2015) (ECF No. 42).

1  applicable period and the average rate at which she was paid, the amount of overtime wages she
2  believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645.
3  These examples are inconsistent with a strict, must-identify-a-specific-calendar-week
4  interpretation of *Landers*.

5       In sum, the court declines to read *Landers* as requiring plaintiffs to identify a specific date
6  or time frame for which they were deprived of overtime pay, minimum wages, a meal break, or a
7  rest break. Rather, *Landers* applies the *Twombly* and *Iqbal* standard to wage-and-hour claims and
8  illuminates ways in which a plaintiff might plausibly demonstrate at least one day or workweek
9  for which they worked over eight hours a day or forty hours a week and were not paid overtime
10 wages. Having clarified its reading of *Landers*, the court turns to analyze the merits of
11 defendants' motion.

12      **2.    Analysis**

13      Turner's first four claims, as amended, once again fall short of the *Landers* standard. As
14 noted, Turner alleges defendants failed to (1) compensate overtime labor in violation of
15 California Labor Code sections 510 and 1198; (2) provide meal period premiums in violation of
16 California Labor Code sections 512(a) and 2226.7; (3) provide rest period premiums in violation
17 of California Labor Code section 226.7; and (4) pay minimum wage in violation of California
18 Labor Code sections 1194, 1197 and 1197.1. *See* FAC ¶¶ 57–96.

19      Turner's First Amended Complaint includes the same allegations in support of all four
20 claims. First, Turner attempts to illuminate at least some of the required work that resulted in his
21 working "in excess of eight hours in a day, and/or in excess of forty hours in a week" (claim 1),
22 his "missed, shortened, late, and/or interrupted" meal and rest periods (claims 2 and 3), and
23 defendants' "effective payment of zero dollars per hour" (claim 4). Second, "by way of
24 example," Turner singles out three months in which defendants allegedly violated his rights. His
25 claim for overtime wages contains a representative example; the facts he has now added to the
26 First Amended Complaint are shown in bold below:

27        During the relevant time period, Plaintiff and the other class
28        members worked in excess of eight (8) hours in a day, and/or in

9

> excess of forty (40) hours in a week, **including performing work duties off-the-clock at the direction of Defendants, including, but not limited to, responding to business-related inquiries and attending to tasks that were required to be completed such as assisting customers.**
>
> During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. **Plaintiff and the other class members did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work. By way of example, during the months of June through August 2018, Plaintiff was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day.**

*Id.* ¶¶ 62–63.

The only allegations added here that are not conclusory are those comprising Turner's description of the work he alleges he performed "during the relevant time period": "responding to business-related inquiries" and "attending to tasks that were required to be completed such as assisting customers." The question, then, is whether these allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679 (describing two-step process of gauging the plausibility of a complaint, including: (1) disregarding conclusory allegations, which are not entitled to the assumption of truth; and (2) assuming the veracity of well-pleaded allegations, determine whether they "plausibly give rise to an entitlement to relief").

The court concludes they do not. Turner merely provides a description of general work duties common to many workplaces. Nowhere does he attempt to provide even a general description of the nature of the business in which defendants are engaged, saying only that defendants are "employer[s] whose employees are engaged throughout the State of California, including the County of Sacramento." FAC ¶¶ 5–6. Turner does not provide any meaningful detail to give a sense of when the alleged violations happened or how often they happened, saying only "during the relevant time period." *Contra, e.g.*, *Boon*, 592 F. App'x at 632 (noting plaintiff alleged he "regularly" worked more than eight hours in a day). Even if the court were to consider Turner's "example" of June through August 2018, it is not clear whether these violations

happened once a month or every workday.[3]  Accordingly, Turner's amended claims still do not contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"; nor do they "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Turner has not stated an overtime claim, meal break claim, rest break claim, or a claim for unpaid wages under California law.

In reaching this decision, the court is mindful that in "alleging failure to compensate all hours worked and pay overtime wages, '[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records.'"  *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282, 2014 WL 1665231, at *6 (E.D. Cal. Apr. 23, 2014) (quoting *Ambriz v. Coca–Cola Co.*, No. 13-cv-03539, 2013 WL 5947010, at *6 (N.D. Cal. Nov. 5, 2013) (alteration in original) (citation and internal quotation marks omitted).  "This is particularly true" where, as here, plaintiff "alleges that Defendant failed to provide accurate wage statements . . . ."  *Id.*  At the same time, *Landers* requires plaintiffs to "allege facts *demonstrating* there was *at least* one [day or] workweek in which they worked in excess of [eight or] forty hours and were not paid overtime wages" or minimum wages.  *Landers*, 771 F.3d at 646 (emphasis added).  Because Turner's first four claims fall short of this standard, the court grants defendants' motion to dismiss claims 1–4.

### B.  Claims 5–9

Turner's next four claims also are insufficiently pled.  In his fifth and sixth causes of action, Turner alleges defendants did not timely pay wages to him during his employment, or

---

[3] Turner cites *Miranda v. Coach, Inc.*, No. 14-cv-2031, 2015 WL 636373, at *2 (N.D. Cal. Feb. 13, 2015), arguing it supports his argument he has now sufficiently pled his claims for unpaid meal and rest premiums.  Turner describes *Miranda* as "finding plausibility where plaintiff alleged that bag checks cut into employees' meal and rest breaks."  Opp'n at 16. *Miranda* did find that plaintiff plausibly pled her claims for unpaid meal and rest breaks. *Miranda*, 2015 WL 636373, at *2.  But there, unlike here, plaintiff included a thorough explanation of the "uniform, company policy" and its effect on employees' day-to-day lives that rendered her claim plausible.  *Id.*

11

upon cessation of his employment, in violation of Labor Code sections 201, 202, and 204.  FAC ¶¶ 97–109.  In his seventh cause of action, Turner alleges defendants "intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements," and in his eighth cause of action alleges "defendants have intentionally and willfully failed to keep accurate and complete payroll records . . . ." *Id.* ¶¶ 110–120.  These claims also are derivative of Turner's insufficiently pleaded first four claims.  *See, e.g.*, *id.* ¶ 99 ("Plaintiff was not paid at the time of his discharge in September 2018 wages earned and unpaid throughout his employment, including but not limited to, minimum wages for time worked off-the-clock to perform work duties including, but not limited to, business-related inquiries and attending to tasks that were required to be completed such as assisting customers."); Opp'n at 18–19 ("The Amended Complaint adds allegations that *based on* the uncompensated overtime, and excluded time worked during meal and rest periods, Defendants failed to 'include the accurate total number of hours worked by Plaintiff and the other class members and the accurate total amount of wages earned.'" (emphasis added)).  In his opposition, Turner "agrees to voluntarily dismiss Count Eight . . . without prejudice."  Opp'n at 18 n.4.  Because claims 5, 6 and 7 lack sufficient detail to survive defendants' motion, they are dismissed as well.

      Turner's ninth claim alleges a violation of California Labor Code sections 2800 and 2802, which require employers to indemnify employees for necessary expenditures that result directly from the employer's want of ordinary care, Cal. Lab. Code § 2800, or from the employee's carrying out the duties of employment, Cal. Lab. Code § 2802.  *See* FAC ¶¶ 121–124.  Here, Turner's First Amended Complaint includes two new allegations.  First, it broadly alleges defendants did "not fully reimburse[]" him for "the use of personal phones for business-related purposes."  *Id.* ¶ 123.  The phrases "business-related purposes" and "business-related inquiries," without more, are not sufficient to move Turner's California Labor Code claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Second, Turner alleges defendants did "not fully reimburse[]" him for "costs incurred to comply with Defendants' dress code, including the costs of purchasing footwear and slacks."  FAC ¶ 123.  This, too, is insufficient.  *See Tavares v. Cargill Inc.*, No. 118-cv-00792, 2019 WL 2918061, at *7 (E.D. Cal. July 8, 2019)

(dismissing as conclusory plaintiff's claims, under sections 2800 and 2802, that he and other class members "incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including[,] but not limited to, the costs of required uniforms and equipment," such as "boots, cold suits, protective helmets, etc."). Turner's ninth claim also is dismissed.

### C.  Claims 10 & 11 (PAGA & UCL Claims)

In his tenth and eleventh claims, Turner alleges derivative claims based on violations of the UCL and PAGA. *See* FAC ¶¶ 125–147. Because these claims are derivative of Turner's Labor Code claims and, as discussed above, each of his first nine causes of action lacks sufficient detail to survive a 12(b)(6) challenge, his tenth and eleventh claims are dismissed as well.

## IV.  LEAVE TO AMEND

Whether to grant leave to amend at this juncture is a closer call than previously. Turner's original complaint offered only a formulaic recitation of the elements of his claims. In dismissing Turner's claims, the court stressed the requirement that an amended complaint provide factual content that would allow the court to draw the reasonable inference that defendants are liable for the violations he alleges. The court pointed Turner to *Landers*, noting a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Order at 3–4 (quoting *Landers*, 771 F.3d at 645). Turner's First Amended Complaint represents only a slight improvement over the original complaint, and falls short of the standard set forth in *Twombly* and *Iqbal*, as applied by the Ninth Circuit *Landers*.

At the same time, it does not appear "beyond doubt that amendment of the complaint would be futile." *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005). The court in this order has clarified its reading of *Landers*, which may inform Turner's further amendment, if he chooses to amend the complaint. The court cautions, however, that this will likely be the last time it grants leave to amend.

**V.     CONCLUSION**

The court **grants** defendants' motion to dismiss in its entirety, with leave to amend. Turner may file an amended complaint within 21 days of this order.

This order resolves ECF No. 20.

IT IS SO ORDERED.

DATED: April 4, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE