UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL TURNER,<br><br>Plaintiff,<br><br>v.<br><br>LTF CLUB MANAGEMENT CO, LLC, et al.<br><br>Defendants. | No. 2:20-cv-00046-DAD-JDP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 33) |

The matter is before the court on a motion to dismiss plaintiff's second amended complaint filed on behalf of defendants LTF Club Management Co., LLC and Life Time Fitness, Inc. on May 9, 2022. (Doc. No. 33). The matter was taken under submission on the papers by the previously assigned district judge. (Doc. No. 37.) On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 38.) For the reasons set forth below, defendants' motion to dismiss will be granted in part and denied in part.

**BACKGROUND**

This court has twice dismissed plaintiff Samuel Turner's putative class action complaint alleging various wage-and-hours violations under Federal Rule of Civil Procedure 12(b)(6) for pleading generalized and conclusory statements devoid of any factual detail. (Doc. Nos. 16, 31.) Plaintiff timely filed the operative second amended complaint (SAC) on April 25, 2022,

1

realleging ten of his original eleven claims. (Doc. Nos. 19, 31.) Specifically, plaintiff asserts the following ten claims in his SAC: (1) failure to compensate overtime labor in violation of California Labor Code §§ 510 and 1198; (2) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512(a); (3) failure to provide rest periods in violation of California Labor Code § 226.7; (4) failure to pay minimum wage in violation of California Labor Code §§ 1194, 1197, and 1197.1; (5) failure to timely pay final wages in violation of California Labor Code §§ 201 and 202; (6) failure to timely pay wages during employment in violation of California Labor Code § 204; (7) failure to provide complete itemized wage statements in violation of California Labor Code § 226(a); (8) failure to reimburse work-related losses and expenses in violation of California Labor Code §§ 2800 and 2802; (9) a derivative claim of unfair business practices in violation of California Business and Professions Code §§ 17200 *et. seq.* (UCL); and (10) a derivative claim under the Labor Code Private Attorneys General Act (PAGA), California Labor Code §§ 2689 *et. seq.* (Doc. No. 32 at ¶¶ 63–148.)

On May 9, 2022, defendants filed the pending motion to dismiss seeking to dismiss all ten of plaintiff's claims. (Doc. No. 33.) Plaintiff filed an opposition to the pending motion on May 23, 2022 (Doc. No. 35), and defendants filed their reply thereto on June 2, 2022 (Doc. No. 36).

**LEGAL STANDARD**

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a

complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**ANALYSIS**

**1.     Plaintiff's Claims 1–7**

In its most recent order, the court articulated in detail the pleading standard applicable to plaintiff's claims one through four as established by the Ninth Circuit in its decision in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015). (Doc. No. 31 at 3–9.) In *Landers*, the Ninth Circuit explained that:

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. . . . Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.

*Id.* at 645; *see also Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020) (applying *Landers* to unpaid overtime, minimum wage, and rest break violation claims under the California Labor Code);[1] *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) ("Although *Landers* discussed FLSA claims, its reasoning applies to California Labor Code claims as well."). As the court explained in its previous order, and as defendants acknowledge in their pending motion, plaintiff's claims five through seven are derivative of plaintiff's claims one through four. (Doc. Nos. 31 at 11–13; 33-1 at 19.) Thus, to the extent that plaintiff has adequately stated his claims

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

one through four, plaintiff's claims five through seven will have also been adequately stated.

Having reviewed the allegations in plaintiff's SAC, the court concludes that plaintiff's claims one through four have satisfied the pleading standard articulated in *Landers*. Plaintiff hewed to the court's guidance from its last order by pleading new allegations in his SAC that "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Specifically, plaintiff alleges the following in his SAC: that the length of his average workweek was approximately 26.73 hours; that his average rate of pay was $13 per hour (except during training when his rate was $11 per hour); and that there are four instances amounting to 10.7 hours when an overtime payment was due to plaintiff, but he was paid at one-half his normal rate (i.e., $6.50) rather than one-and-one-half times his normal rate (i.e., $19.50). (Doc. No. 32 at ¶ 52); *Landers*, 771 F.3d at 645. Further addressing the court's previously expressed concern regarding how frequent the alleged violations occurred, plaintiff alleges 21 pay periods in which he purportedly was not paid for all regular or overtime wages earned, nor all meal periods or rest breaks that were missed, shortened, interrupted, or taken past the legally required time. (Doc. Nos. 31 at 10–11; 32 at ¶ 48.) Plaintiff has also now alleged additional context regarding the reason that the alleged off-the-clock work occurred. (Doc. No. 32 at ¶¶ 29, 51, 68.) For example, plaintiff alleges he was a shift supervisor employed by defendants, who are "in the business of operating health or athletic clubs and market their locations as luxury, world-class health club experiences." (Doc. No. 32 at ¶ 29.) In that role, plaintiff alleges he worked off-the-clock by "responding to business-related inquiries," "assisting customers and responding to manager requests," and "complet[ing] orders for Defendants' customers even after clocking out for a shift." (Doc. No. 32 at ¶¶ 51, 68.)

At this stage of the litigation, plaintiff's allegations are sufficient because he "need only give rise to a plausible inference that there was [] an instance" where plaintiff was not properly paid, and here, plaintiff has identified several such instances. *Tan*, 171 F. Supp. 3d at 1008 (citations omitted). Indeed, plaintiff's SAC now contains "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Accordingly, due to the new allegations appearing in the SAC that are discussed above, plaintiff has now stated an overtime claim, meal break claim,

rest break claim, and a claim for unpaid wages under California law. In addition, plaintiff's claims five through seven, which are derivative of claims one through four, also survive defendants' pending motion to dismiss.

### 2. Plaintiff's Claim 8

California Labor Code § 2802 requires that an employer "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Cal. Lab. Code § 2802(a). "Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." *Tan*, 171 F. Supp. 3d at 1005 (inferring that plaintiff stated a plausible claim because the nature of the business—an app-based food delivery service—suggested that defendants would be aware of the need for plaintiffs to use personal cell phones). A plaintiff must also allege that the defendants knew or had reason to know that the plaintiff had incurred the alleged expenses. *Kajberouni v. Bear Valley Cmty. Servs. Dist.*, No. 1:19-cv-1703-JLT-BAK (SKO), 2022 WL 1190259, at *6 (E.D. Cal. Apr. 21, 2022).

Having reviewed the allegations in plaintiff's SAC, the court concludes that plaintiff has failed to state an adequate failure to reimburse claim. In the court's previous order, it determined that plaintiff's generic allegations that defendants did not fully reimburse him for "the use of personal phones for business-related purposes" or "the costs incurred to comply with Defendants' dress code, including the costs of purchasing footwear and slacks" were insufficient to state a claim. (Doc. No. 31 at 12) (citing *Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO, 2019 WL 2918061, at *7 (E.D. Cal. July 8, 2019)). In plaintiff's SAC, he alleges that he used "personal cell phones off-the-clock in order to schedule shifts and communicate with managers because Defendants expressly mandated that 'Reasons for Disciplinary Action' included '[t]he use of cell phones at any time during your shift'" and "'[t]he only time you may use them at work is if you are clocked out and on break.'" (Doc. No. 32 at ¶ 60.) As defendants correctly point out in their pending motion, defendants' policy prohibiting personal cell phone use while on the clock does not imply that plaintiff was required to use his personal cell phone for any business purpose

at all. (Doc. No. 33 at 19.) Merely alleging that a personal cell phone was used to schedule a shift or communicate with a manager does not "affirmatively allege[] that the expenses were part of the plaintiff's job duties," nor can the court infer from plaintiff's mere employment at a "health or athletic club[]" that a personal cell phone would be necessary for that particular job. *Tan*, 171 F. Supp. 3d at 1005–06; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) ("[T]he court need not accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences."). Finally, unlike plaintiff's allegations regarding off-the-clock work addressed above, plaintiff does not identify any specific instance when he or others were not reimbursed for personal cell phone use. *See Wright v. Frontier Mgmt. LLC*, No. 2:19-cv-01767-JAM-CKD, 2021 WL 2210739, at *4 (E.D. Cal. June 1, 2021) (dismissing a plaintiff's failure to reimburse claim because he did not "allege any specific instances in which an employee was required to use his or her personal cell phone for work-related purposes"), *appeal dismissed*, No. 21-16052, 2022 WL 2255206 (9th Cir. June 22, 2022).

Accordingly, the additional facts and information alleged in plaintiff's SAC fails to move plaintiff's failure to reimburse claim "across the line from conceivable to plausible," and, thus, will be dismissed. *Twombly*, 550 U.S. at 570.

The court also will not grant plaintiff further leave to amend with respect to this claim. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend . . . if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies."). Plaintiff was given two opportunities to remedy the deficiencies in this claim and was warned in the court's last order that it was likely "the last time it grants leave to amend." (Doc. No. 31 at 13.) Thus, plaintiff's failure to reimburse claim will be dismissed with prejudice. *Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) (affirming dismissal of wage claims without leave to amend due to a plaintiff's failure to cure pleading deficiencies).[2]

/////

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

**3.    Plaintiff's Claims 9–10**

As the court explained in its previous order, and as defendants acknowledge in their pending motion, plaintiff's claims nine and ten are derivative of his claims that sufficiently state a violation of California's Labor Code (i.e., claims one through seven). (Doc. Nos. 31 at 11–12, 13; 33-1 at 19.) Because the court has determined that plaintiff has now sufficiently alleged his claims one through seven, claim nine and ten also survive defendants' motion to dismiss.[3]

## CONCLUSION

For the reasons explained above, the court grants in part and denies in part defendants' motion to dismiss (Doc. No. 33) as follows:

1. The court grants defendants' motion to dismiss plaintiff's eighth claim without leave to amend and with prejudice;

2. The court denies defendants' motion to dismiss in all other respects; and

3. Defendants shall file their answer to the remaining claims asserted by plaintiff in their SAC within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:    **November 4, 2022**

UNITED STATES DISTRICT JUDGE

---

[3] Defendants contend that the declaration of Rebecca Coker attached to defendants' notice of removal has been incorporated into the SAC by plaintiff's allegation that he filed a PAGA notice with LWDA on September 17, 2019. (Doc. Nos. 1-3 at ¶ 8; 32 at ¶ 24; 33-1 at 20.) The court, in its discretion, declines to incorporate the Coker declaration into the SAC as the SAC makes no reference whatsoever to the Coker declaration. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–1002 (9th Cir. 2018) (explaining that "the [incorporation-by-reference] doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim"); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) ("[T]he district court may, but is not required to incorporate documents by reference."). In the alternative, defendants request that the court convert the portion of the pending motion to dismiss concerning plaintiff's PAGA claim into a motion for summary judgment and explicitly consider the Coker declaration. (Doc. No. 33-1 at 20.) The court, in its discretion, also declines to convert any portion of the pending motion to dismiss into one for summary judgment. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) (holding that where a district court does not rely on any extraneous materials submitted by the parties, a motion to dismiss need not be converted into a motion for summary judgment). In so declining, the court reiterates the obvious: it did not rely on any documentation outside the SAC in ruling on the pending motion.