UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LTF CLUB MANAGEMENT CO, LLC, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-00046-DAD-JDP<br><br>ORDER DENYING DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION<br><br>(Doc. No. 58) |

This matter is before the court on the motion to deny class certification filed by defendants LTF Club Management Co, LLC and Life Time Fitness, Inc. on February 13, 2024. (Doc. No. 58.) On February 22, 2024, the pending motion was taken under submission on the papers. (Doc. No. 59.) For the reasons explained below, the court will deny defendants' motion in its entirety, without prejudice to its refiling.

**BACKGROUND**

On April 25, 2022, plaintiff Samuel Turner filed the operative second amended complaint ("SAC") in this putative class action against defendants, alleging that they had violated various

/////

/////

/////

1

California wage and hour laws.[1]  (Doc. No. 32.)

A.     **Factual Background**

Defendants submitted a declaration from their "Lead Employee Relations Business Partner," Kelley Fredricks, as an attachment to the pending motion.  (Doc. No. 58-1 at 1–3.)  In that declaration, Fredricks averred the following.  On December 10, 2018, defendants implemented a "Team Member Care Policy" designed to provide avenues for employees to resolve workplace issues, including through arbitration ("the Policy").  (*Id.* at ¶ 4.)  As part of the rollout of the Policy, defendants distributed a copy of their Mutual Arbitration Agreement ("the Agreement") to employees via various methods, including USPS mail, posting the Agreement on their internal communications boards LT Pulse and LT Grid, and electronically sending the Agreement through each employee's Workday profile[2].  (*Id.* at ¶ 7.)  Employees hired after December 10, 2018 received the Agreement in their Workday profiles upon hire.  Employees are "prompted" to "electronically acknowledge the Agreement through Workday."  (*Id.* at ¶ 10.)  Defendants maintain records of the date and time that employees are sent and acknowledge the Agreement through Workday and, if applicable, the date that employees send notice of their intent to opt out of the Agreement.  (*Id.* at ¶ 11.)  Defendants also attached to the pending motion a list of employees that received the Agreement before plaintiff filed his later-removed suit in the Sacramento County Superior Court on November 21, 2019, and did not opt out.  (*Id.* at ¶ 12; *see also id.* at 17–89.)

B.     **Procedural Background**

In the parties' joint status report regarding scheduling filed with this court on April 14, 2023, defendants alleged that plaintiff would not be an adequate class representative because, among other reasons, "some of his claims on behalf of class members in this case must be

---

[1] On November 7, 2022, the court granted in part defendants' motion to dismiss plaintiff's SAC, dismissing plaintiff's eighth claim for failure to reimburse work-related losses in violation of California Labor Code §§ 2800, 2802.  (Doc. No. 40.)  The court denied defendants' motion to dismiss plaintiff's SAC in all other respects at that time.  (*Id.*)

[2] Workday is the electronic human resources information system that defendants use to communicate with applicants and employees.  (Doc. No. 58-1 at ¶ 8.)

2

compelled to be arbitrated solely as individual claims . . . ." (Doc. No. 44 at 5.) The court issued a scheduling order one week later, setting a deadline of January 29, 2024 for the close of fact discovery. (Doc. No. 45.) On September 5, 2024, plaintiff served discovery requests on defendants. (Doc. No. 61-1 at ¶ 2.) According to the declaration of Gregory Knopp, defendants' counsel, defendants produced documents responsive to these requests between October and December 2023. (*Id.*) On December 5, 2023, the parties filed a stipulation requesting that the court modify the scheduling order in this case and set a new deadline of March 29, 2024 for the close of fact discovery. (Doc. No. 53.) Specifically, and importantly for purposes of resolving the pending motion, the parties stipulated that "[w]ithout this short continuance of the dates, the parties will be prejudiced." (*Id.* at 4.) The court subsequently issued an order granting the parties' request. (Doc. Nos. 54, 55.)

Plaintiff took the deposition of defendants' Rule 30(b)(6) witness on December 18, 2023 and January 4, 2024. (Doc. No. 61-1 at ¶ 4.) According to attorney Knopp's declaration, plaintiff's counsel did not ask that witness any questions about the Agreement. (*Id.*) According to the declaration of plaintiff's counsel, Celene Chan Andrews, during a telephonic meet and confer regarding the pending motion, plaintiff's counsel requested the Agreements allegedly signed by some of the putative class members. (Doc. No. 60-1 at ¶ 12.) According to attorney Andrews, defendants responded that the list of employees allegedly subject to the Agreement would be attached to the pending motion, but that defendants did not have individually signed arbitration agreements. (*Id.*)

On February 13, 2024, defendants filed the pending motion, arguing that the court should exclude putative class members who received the Agreement before November 21, 2019 and declined to opt out. (Doc. No. 58.) As noted above, defendants attached to the pending motion the list of employees allegedly subject to the Agreement. (Doc. No. 58-1 at 17–89.) Plaintiff filed his opposition to the pending motion on February 27, 2024. (Doc. No. 60.) Defendants filed their reply thereto on March 8, 2024. (Doc. No. 61.) According to attorney Knopp's declaration, plaintiff took depositions of three fact witnesses on March 5, 6, and 7, 2024 and did

/////

1 | not ask any questions of them regarding the Agreement.  (Doc. No. 61-1 at ¶ 4.)  Fact discovery
2 | closed on March 29, 2024.  (Doc. No. 55.)

## LEGAL STANDARD

To certify a class, the plaintiff must demonstrate that the proposed class satisfies the prerequisites of Rule 23(a), namely numerosity, commonality, typicality, and adequacy.  *See* Fed. R. Civ. P. 23(a).  "Additionally, the proposed class must qualify as one of the types of class actions identified in Rule 23(b)."  *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985 (9th Cir. 2015).  "At an early practicable time . . . the court must determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).

"A defendant may move to deny class certification before a plaintiff files a motion to certify a class."  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 943 (9th Cir. 2009).  "District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'"  *Id.* at 942 (citation omitted).  "A defendant may file a motion to deny class certification before the close of fact discovery and before the pretrial motion deadline.  But such a motion is disfavored and may be denied as premature."  *Taylor v. Shutterfly*, No. 18-cv-00266-BLF, 2020 WL 1307043, at *5 (N.D. Cal. Mar. 19, 2020) (citation and internal citation omitted).  "[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable."  *Vinole*, 571 F.3d at 942 (citation omitted).

## ANALYSIS

Defendants argue in the pending motion that plaintiff is not an adequate and typical representative for the more than 1,000 putative class members who are allegedly subject to the Agreement, because plaintiff is not himself subject to the Agreement.  (Doc. No. 58 at 6–7, 10–12.)  Plaintiff argues that the pending motion is premature because discovery is not complete and that plaintiff is an adequate and typical representative.  (Doc. No. 60.)  Because the court concludes that the pending motion is premature, the court does not decide whether or not plaintiff is an adequate and typical representative at this time.

**A.      Whether the Pending Motion is Premature**

Defendants argue that plaintiff had "ample time to conduct class discovery before opposing" the pending motion. (Doc. No. 58 at 9.) In particular, defendants point out that plaintiff has propounded 84 requests for production of documents and 16 interrogatories and, at the time the pending motion was filed, had taken the deposition of one of defendants' Rule 30(b)(6) witnesses. (*Id.*) Defendants contend that some of this discovery was relevant to "the arbitration issue" and that defendants have consequently produced the Policy and copies of the Agreement in response to plaintiff's requests. (*Id.*) Further, defendants argue that additional discovery would be irrelevant because the pending motion is premised solely "on the fact that the putative class members are subject to the Agreement." (*Id.*) Defendants contend that "[b]ecause this fact is not in dispute, no further discovery is necessary." (*Id.*)

Plaintiff argues in opposition that the timing of defendants' motion is prejudicial because the parties have not yet completed discovery into the arbitration issue. (Doc. No. 60 at 12.) At the time the opposition to the pending motion was filed, plaintiff anticipated taking additional depositions that would be relevant to, among other things, "the existence" of "the alleged arbitration agreements." (*Id.* at 13; *see also* Doc. No. 60-1 at ¶ 10.) Plaintiff points out that while "plaintiff's counsel requested the arbitration agreements allegedly signed by a subset of the class members," defendants only produced the list of employees allegedly subject to the Agreement as an attachment to the pending motion. (Doc. No. 60 at 10, 13; *see also* Doc. No. 60-1 at ¶ 12.)

Defendants argue in reply that plaintiff has had sufficient time to investigate the arbitration issue. (Doc. No. 61 at 6.) Defendants argue that they served discovery responses and produced documents "bearing on the arbitration issue long ago" (*id.*), though the court notes that the declarations cited by defendants in support of this point do not actually mention when these responses were served and the documents produced (*see* Doc. Nos. 58-2 at ¶ 4; 61-1 at ¶ 2). Finally, defendants argue that further discovery would be futile because as of the date their reply was filed, March 8, 2024, plaintiff had deposed three additional witnesses and had not taken advantage of the opportunity to ask them any questions regarding arbitration. (Doc. No. 61 at 7; *see also* Doc. No. 61-1 at ¶ 4.)

5

The court will deny defendants' motion without prejudice to its refiling. The court notes that, pursuant to the scheduling order issued in this case, fact discovery was to be completed by March 29, 2024. (Doc. No. 55.) Defendants filed the pending motion on February 13, 2024 (Doc. No. 58), thereby providing plaintiff with a list of employees allegedly subject to the Agreement. Plaintiff then was required to file his opposition to the pending motion on February 27, 2024 (Doc. No. 60), fourteen days after receiving that list for the first time. Additional discovery was conducted afterwards. Defendants argue that at least some of that discovery was not relevant to the pending motion. Defendants' assurances aside, the court is unwilling to assume that plaintiff could not uncover any relevant evidence in the weeks after filing his opposition to this motion. *See Bentley v. United of Omaha Life Ins. Co.*, No. 15-cv-07870-DMG-AJW, 2018 WL 3357455, at *2 (C.D. Cal. Jan. 4, 2018) ("United notes that Plaintiff has completed a Rule 30(b)(6) deposition. United neglects to mention, however, that the Rule 30(b)(6) deposition took place *after* Plaintiff submitted her opposition to this motion. . . . It would be premature for the Court to deny class certification before Plaintiff has had an opportunity to complete discovery.") (internal citations omitted).

The court's conclusion in this regard is strengthened by the nature of the evidence that plaintiff will require in order to oppose denial of class certification. Despite plaintiff requesting a list of employees who allegedly signed the Agreement, it was only through the pending motion that he learned that none of them actually signed the Agreement. Defendants argue instead that employees assented to the Agreement by failing to opt out after being given notice through various channels. (Doc. No. 58 at 7.) Failing to opt out can be a valid method for an employee to assent to an arbitration agreement. *See Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002). However, as plaintiff argues in opposition, to effectively challenge defendants' new contention that some employees failed to opt out, plaintiff would need to investigate the "processes by which defendants provided the alleged arbitration agreements to class members . . . ." (Doc. No. 60 at 13.)

Defendants argue that it is "not in dispute that" that putative class members are subject to the Agreement. (Doc. No. 58 at 9.) But the court has described plaintiff's objections to the

contrary and reasonable requests to depose additional witnesses. Defendants' cited authority is therefore inapposite. *See Valencia v. VF Outdoor, LLC*, No. 1:20-cv-01795-DAD-SKO, 2021WL 5154161, at *3 (E.D. Cal. Nov. 5, 2021), *report and recommendation adopted* 2021 WL 5811932 (E.D. Cal. Dec. 7, 2021) ("Defendant's motion is premised solely on two facts: (1) a majority of the putative class members signed the Arbitration Agreement; and (2) Plaintiff did not. *Since neither is in dispute*, discovery regarding the identities of the putative class members who signed the Arbitration Agreement and the circumstances surrounding it is not germane to the merits of Defendant's motion.") (emphasis added); *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 958 (N.D. Cal. 2017) ("Plaintiffs do not dispute that they did not sign an arbitration agreement, while other individuals did. Thus, the Court concludes that additional discovery is not required to decide the merits of Defendants' motion."); *Farr v. Acima Credit LLC*, No. 20-cv-08619-YGR, 2021 WL 2826709, at *7 (N.D. Cal. July 7, 2021) ("Nor has plaintiff identified any discovery that would dictate a different conclusion.").

      Moreover, while defendants correctly argue that plaintiff lacks standing to challenge the enforceability of an arbitration agreement to which he is not a party (Doc. Nos. 58 at 11–12; 61 at 7–8), plaintiff may nevertheless challenge the existence of any alleged agreement between defendants and putative class members. *See Ponce v. Medline Indus., LP*, 2023 WL 2628694, at *6 (C.D. Cal. Jan. 10, 2023) ("[T]he court finds insufficient evidence in the record regarding whether most of the class is subject to an arbitration agreement. . . . [A]bsent additional evidence of whether Defendant required employees to sign arbitration agreements, the court finds there is insufficient support in the record to determine whether typicality is defeated by an arbitration agreement.").

      The court declines to decide the issue of class certification on the basis of an incomplete record, especially when discovery has since been completed. The court will therefore deny the pending motion without prejudice to defendants refiling it in order to allow plaintiff to present any and all relevant evidence in support of their opposition. *See Bulka v. Mondelez Grp., LLC*, No. 19-cv-02082-YY, 2021 WL 4143909, at *3 (D. Or. Aug. 9, 2021), *report and recommendation adopted* 2021 WL 4144747 (D. Or. Sept. 10, 2021) (denying the defendant's

7

motion to deny class certification because "'without the benefit of a developed record,' it is not possible to conclude that plaintiffs will be unable to meet their burden under Rule 23") (citation omitted).

## CONCLUSION

For the foregoing reasons, defendants' motion to deny class certification (Doc. No. 58) is denied without prejudice to its refiling.

IT IS SO ORDERED.

Dated:  **June 21, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE