1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAMUEL TURNER, individually, and on        No.  2:20-cv-00046-DAD-JDP
     behalf of other members of the general
12   public similarly situated and on behalf of
     other aggrieved employees pursuant to the
13   California Private Attorneys General Act    ORDER DIRECTING THE FILING OF
     ("PAGA"),                                   SUPPLEMENTAL BRIEFING AND
14                                               DOCUMENTATION
                          Plaintiff,
15                                               (Doc. No. 95)
          v.
16
     LTF CLUB MANAGEMENT CO, LLC, et
17   al.,

18                        Defendants.

19

20          In connection with plaintiff's motion for preliminary approval of the proposed class action

21   settlement filed on January 28, 2025, the parties are directed to file supplemental briefing and

22   documentation addressing the following issues:

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

                                                    1

1.   Estimations and documentation supporting the valuation of each of plaintiff's core claims and PAGA claims, including how the parties arrived at the potential value of each claim;[1] and

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

---

[1]  In evaluating the substantive fairness of a settlement, courts must "consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  In their motion for preliminary approval, the parties have provided little to aid the court's analysis in this respect.  The only estimated figure that the parties have provided is a maximum recovery for plaintiff's second and third claims as to meal and rest break violations of $2,603,380, based on 1,615,000 shifts and a 10% violation rate. (Doc. No. 95 at 19.)  As to plaintiff's other core claims, the parties simply state that those violations were less discernable from the payroll data than meal and rest break violations, so the "meal and rest break violations drove settlement discussions."  (*Id.* at 18.)  As to the maximum potential damages available under plaintiff's PAGA claim, plaintiff states only that "the derivative PAGA claims also yield a wide range of potential outcomes."  (*Id.* at 19.)  The court finds these representations to be deficient due to their vagueness and instructs the parties to submit more precise estimated values of the potential recovery for each of plaintiff's claims (including as to PAGA penalties) based on the data reviewed in this case, or to more clearly inform the court that certain claims are estimated to yield zero damages, if true.

2

2.    The reasonableness of an award of attorneys' fees in an amount up to 35% of the

Settlement Fund under the circumstances of this case and in light of the results

obtained.[2]

The parties shall file a brief responsive to these issues within fourteen (14) days from the

date of entry of this order.

IT IS SO ORDERED.

Dated:    **August 6, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2]  "The Ninth Circuit uses a 25 percent of the fund 'benchmark' for awarding fees." *Norton v. Strategic Staffing Sols., L.C.*, No. 3:23-cv-06648-JSC, 2025 WL 1666143, at *8 (N.D. Cal. June 12, 2025).  An explanation is necessary when the court departs from the 25% benchmark, *Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th Cir. 2000).  In the pending motion for preliminary approval, plaintiff argues that the 35% of the fund fee requested here is reasonable because "[p]laintiff's Counsel have litigated this matter for over five years."  (Doc. No. 95 at 25.)  Plaintiff also states in conclusory fashion that "[t]he Attorneys' Fees and Costs provided for in the Settlement are commensurate with:  (1) the risk Plaintiff's Counsel took in bringing and litigating this case, (2) the extensive time, effort and expense Plaintiff's Counsel have dedicated and will dedicate to the case, (3) the skill and determination Plaintiff's Counsel have shown, (4) the results Plaintiff's Counsel have achieved throughout the litigation, (5) the value of the Settlement Plaintiff's Counsel have achieved for the Class Members and the [California Labor and Workforce Development Agency], and (6) the other cases Plaintiff's Counsel turned down in order to devote their time and efforts to this matter."  (*Id.* at 26.)  As to the length of the proceedings, in the court's view, a considerable amount of time in this litigation (almost three years) was spent settling the pleadings, as the court twice concluded that plaintiff had failed to state any claim and granted plaintiff leave to amend his complaint in its entirety.  (Doc. Nos. 16, 31.)  Regarding the six factors plaintiff listed in his pending motion, he has not explained their applicability to this particular case or directed the court to any factual support, particularly as to other cases "turned down."  Further, as discussed above, the court cannot properly evaluate the factors concerning the results and value of the settlement achieved based on the information that has been provided.  The court instructs the parties to supplement this aspect of their motion for preliminary approval with further explanation specific to this case, perhaps rooted in the specific work conducted and unique challenges that this case presented, in order to justify the above-benchmark fee request.

3